TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00061-CV







Lorie Breazeale, Appellant



v.



William E. Casteel; Hance, Scarborough, Wright, Keiffer, Woodward &

Weisbart, L.L.P.; Gary F. DeShazo; Gregory A. Soechting;

and Judgment Purchase Corporation, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 91-8634, HONORABLE JERRY DELLANA, JUDGE PRESIDING






 Appellant Lorie Breazeale sued appellee William E. Casteel and obtained an agreed
final judgment against him. Six years later, Breazeale filed a motion for turnover in the same
action seeking an interest in a lawsuit Casteel was pursuing against Crown Life Insurance
Company. Appellees Hance, Scarborough, Wright, Keiffer, Woodward & Weisbart, L.L.P.;
Gary F. DeShazo; Gregory A. Soechting; and Judgment Purchase Corporation (collectively,
"intervenors"), having previously been assigned various interests in Casteel's suit against Crown,
filed pleas in intervention in order to protect their own interests in any judgment Casteel might
recover against Crown. The trial court denied Breazeale's motions to strike the pleas in
intervention and denied her turnover motion. On appeal, Breazeale asserts that the trial court
erred by allowing parties to intervene after a final judgment had been rendered. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Lorie Breazeale sued William E. Casteel for violations of federal and state
securities law, fraud, and breach of contract. By agreement of the parties, she obtained final
judgment against Casteel on May 13, 1992 in the amount of $175,000 plus interest. That
judgment, to date, has not been satisfied.

 In an unrelated lawsuit, Casteel sued Crown Life Insurance Company for Insurance
Code and Deceptive Trade Practices Act (DTPA) violations. The jury returned a verdict in favor
of Casteel for approximately $7.5 million, but the trial court granted Crown's motion for
judgment non obstante veredicto and rendered judgment that Casteel take nothing against Crown. 
On appeal, this Court reinstated $1.4 million of the jury award for Casteel. See Casteel v. Crown
Life Ins. Co., No. 03-96-00509-CV (Tex. App.--Austin August 28, 1997) (not yet published),
rev'd in part, 42 Tex. Sup. Ct. J. 945 (July 1, 1999).

 Recognizing that Casteel now had an asset that might be used to satisfy her
judgment, Breazeale sought post-judgment relief in her own suit. On October 16, 1998, Breazeale
filed a "Motion Pursuant to Section 31.002 of the Texas Civil Practice and Remedies Code"--a
motion for turnover--seeking "Mr. Casteel's interest in the Crown Verdict and any judgments,
settlements, replacements, substitutions, products or proceeds . . . thereof."

 Casteel had earlier assigned portions of his interest in the Crown judgment to the
intervenors, and when Breazeale filed her turnover motion, the intervenors each filed a plea in
intervention in Breazeale's lawsuit to protect their interests. See Tex. R. Civ. P. 60. Breazeale
filed a motion to strike each intervention as untimely, arguing that intervention is not allowed after
a final judgment has been rendered. The trial court overruled Breazeale's motions to strike, heard
testimony from the intervenors, and ultimately overruled Breazeale's motion for turnover.

 After Breazeale's turnover motion was overruled and this appeal was perfected, 
the Texas Supreme Court reversed in part this Court's judgment in Casteel's suit against Crown,
rendering judgment that Casteel take nothing on his four DTPA claims. Casteel's final cause of
action, under article 21.21 of the Texas Insurance Code, was remanded to the trial court for
additional proceedings. See Crown Life Ins. Co. v. Casteel, 42 Tex. Sup. Ct. J. 945, 954-55 (July
1, 1999). At present, therefore, Casteel holds no money judgment in the Crown litigation, but
merely retains a single cause of action that he hopes will be fruitful. This anticipated, speculative
recovery is now the subject of Breazeale's motion for turnover.


DISCUSSION


 Intervention is permitted as a matter of right, "subject to being stricken out by the
court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. Review of a trial
court's order on a motion to strike intervention is subject to an abuse of discretion standard. See
Guaranty Fed. Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990). In
Breazeale's sole issue for review, she urges that post-judgment interventions are barred as a matter
of law and that the trial court therefore abused its discretion by allowing the intervenors to join
as parties and testify at the hearing on her motion for turnover. We disagree and hold that post-judgment intervention is not barred under the circumstances of this case.

 Breazeale directs us to several supreme court cases in support of her argument that
intervention is not permitted after a final judgment has been rendered. In the seminal case on this
issue, the State of Texas sought to intervene and file a petition in quo warranto over a month after
the trial court had dismissed the cause. See Comal County Rural High Sch. v. Nelson, 314
S.W.2d 956, 957 (Tex. 1958). The supreme court held that the trial court did not err when it
declined to allow the state to intervene because "[n]o plea of intervention could be filed in the
cause until and unless the district judge set aside his order of dismissal . . . ." Id.

 In two later cases, the supreme court has reiterated the same holding. First, where
intervenors sought to prevent the sale of their property pursuant to a final attachment lien, the
court held that "a plea in intervention comes too late if filed after judgment and may not be
considered unless and until the judgment has been set aside." First Alief Bank v. White, 682
S.W.2d 251, 252 (Tex. 1984) (citing Comal County Rural High Sch., 314 S.W.2d at 957). Four
years later, the supreme court reversed a trial court order that had allowed third parties to
intervene after a judgment had become final. See Citizens State Bank v. Caney Invs., 746 S.W.2d
477, 478 (Tex. 1988). In that case, property owners intervened and sought an injunction in
receivership proceedings that were ancillary to a divorce action, but only after a final decree had
been issued in the underlying divorce. Id. On appeal, the supreme court held that "[s]ince the
trial court allowed the respondents to intervene after the judgment had already been rendered and
become final, the appeal should have been dismissed." Id. (citing Comal County Rural High Sch.,
314 S.W.2d at 957). 

 We believe that the present case is clearly distinguishable from the foregoing
decisions. In each of the cited cases, the intervenors sought to attack the substance, validity, or
enforceability of the underlying judgment itself. Here, by contrast, the intervenors have no
complaint with the merits of the judgment obtained by Breazeale against Casteel; rather, they
merely seek to protect their own interests in Casteel's lawsuit against Crown that is the subject
of Breazeale's turnover motion. Put simply, intervention in a proceeding for post-judgment relief
of this nature is different from intervention that seeks to nullify or otherwise alter the existing
judgment. We can see no reason to prohibit post-judgment intervention where, as here, the
intervenor merely seeks to protect his interest in property that is the subject of a turnover motion.

 Breazeale is not aided by the fact that her turnover motion could have been brought
as a separate action rather than a continuation of her original lawsuit. This type of post-judgment
relief may be sought "in the same proceeding in which the judgment is rendered or in an
independent proceeding." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(d) (West 1997)
(emphasis added). Had Breazeale filed a new lawsuit to seek turnover of Casteel's interest in the
Crown litigation, the present objection to the intervenors could not have been raised. With no
final judgment in place, Breazeale could not have argued that the interventions were untimely.

 Because the very nature of a turnover proceeding requires that a final judgment be
in place, it would not be possible to intervene before rendition of judgment. Adopting Breazeale's
argument would allow a judgment creditor to thwart any interest that others might have in the
judgment debtor's property simply by opting to institute her turnover proceeding under the
original cause number instead of a new one. There is no justification for precluding intervention
in a post-judgment proceeding on the basis of the cause number under which the motion is
brought. We believe Breazeale's position would create a procedural windfall the legislature did
not intend.


CONCLUSION


 We hold that intervention is not necessarily barred after the trial court has rendered
final judgment where the intervenor does not attack the substance of the judgment itself, but
merely seeks to protect his interest in property that is the subject of a turnover motion. 
Accordingly, we affirm the judgment of the trial court.




 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 21, 1999

Publish



ause until and unless the district judge set aside his order of dismissal . . . ." Id.

 In two later cases, the supreme court has reiterated the same holding. First, where
intervenors sought to prevent the sale of their property pursuant to a final attachment lien, the
court held that "a plea in intervention comes too late if filed after judgment and may not be
considered unless and until the judgment has been set aside." First Alief Bank v. White, 682
S.W.2d 251, 252 (Tex. 1984) (citing Comal County Rural High Sch., 314 S.W.2d at 957). Four
years later, the supreme court reversed a trial court order that had allowed third parties to
intervene after a judgment had become final. See Citizens State Bank v. Caney Invs., 746 S.W.2d
477, 478 (Tex. 1988). In that case, property owners intervened and sought an injunction in
receivership proceedings that were ancillary to a divorce action, but only after a final decree had
been issued in the underlying divorce. Id. On appeal, the supreme court held that "[s]ince the
trial court allowed the respondents to intervene after the judgment had already been rendered and
become final, the appeal should have been dismissed." Id. (citing Comal County Rural High Sch.,
314 S.W.2d at 957). 

 We believe that the present case is clearly distinguishable from the foregoing
decisions. In each of the cited cases, the intervenors sought to attack the substance, validity, or
enforceability of the underlying judgment itself. Here, by contrast, the intervenors have no
complaint with the merits of the judgment obtained by Breazeale against Casteel; rather, they
merely seek to protect their own interests in Casteel's lawsuit against Crown that is the subject
of Breazeale's turnover motion. Put simply, intervention in a proceeding for post-judgment relief
of this nature is different from intervention that seeks to nullify or otherwise alter the existing
judgment. We can see no reason to prohibit post-judgment intervention where, as here, the
intervenor merely seeks to protect his interest in property that is the subject of a turnover motion.

 Breazeale is not aided by the fact that her turnover motion could have been brought
as a separate action