**ATTORNEY GENERAL OF TEXAS, Appellant,**

v.

**Mack CASNER, Appellee.**

**No. 08–03–00437–CV.**

Court of Appeals of Texas, El Paso.

Dec. 22, 2004.

Robert F. Johnson, Austin, for Appellant.

Mack J. Casner, El Paso, pro se.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

This case arises from a judicial foreclosure of real property by a homeowners' association for unpaid assessment and administrative fees. The parties in this appeal are intervenors to the original action. Appellant, the Attorney General of Texas ("Attorney General") challenges the trial courts purported no-answer default judgment in favor of Appellee Mack Casner on both procedural and jurisdictional grounds. After reviewing the record, we conclude the trial court had no jurisdiction to enter its judgment. We vacate the trial court's judgment of August 18, 2003 and dismiss the case.

On March 8, 2002, Los Felinos, Inc. ("Los Felinos"), a homeowners' association, filed suit against Juan and Clarrisa Ibarra ("the Ibarras") for failure to pay homeowner assessments and administrative fees on their property unit in Coronado Country Club Estates. In its original petition, Los Felinos alleged that under the Ibarras deed, the property was subject to certain covenants, conditions, and restrictions, which reserved to Los Felinos a vendor's lien to secure payment of all assessments due. Los Felinos sought a judgment for the accrued assessments and administrative fees, establishment and foreclosure of their vendor's lien to secure the Ibarras' obligation, and a forced sale of the property. After the Ibarras were served by substituted service, an Attorney Ad Litem was appointed and a general denial answer was filed on June 6, 2002.

On November 21, 2002, the trial court signed a judgment against the Ibarras finding sufficient evidence to prove that the Ibarras were indebted to Los Felinos in the amount of $4,579.54 for past due assessments, costs of enforcement, and late charges. The trial court found that the Ibarras were also indebted to Los Felinos in the amount of $1,018.75 for reasonable attorney's fees. The trial court determined that Los Felinos had a valid and subsisting vendor's lien against the property and that the Ibarras had breached the obligations of the condominium declaration to which the property was subject. The trial court ordered foreclosure of the property in satisfaction of the judgment. In its judgment, the trial court also awarded $250 as attorney's fees to the attorney ad litem for legal services rendered to the Ibarras in the action.

On May 23, 2003, Appellee Mack Casner filed a petition under the original cause number in the Los Felinos suit. Mr. Casner alleged that he had bought the property at a judgment sale on May 6, 2003. He also alleged that on May 14, 2003, Los Felinos mailed a notice regarding the Ibarras' right of redemption of the property pursuant to Chapter 209 of the Texas Property Code. In his petition, Mr. Casner challenged the constitutionality of several of the redemption provisions in Section 209.011 of the Code. In his prayer, Mr. Casner requested that the trial court find the challenged provisions unfair, unjust, illegal, and unconstitutional. He also requested that the court enjoin "implementation" of the provisions until trial and permanently enjoin their implementation upon final trial. In the alternative, Mr. Casner plead that the trial court set aside the judgment sale and return his purchase money. Mr. Casner also stated he sought additional relief pursuant to the Texas Uniform Declaratory Judgments Act. Mr. Casner filed a Motion to Enter Default Judgment with a supporting brief on June

10, 2003. In his motion, Mr. Casner requested a default judgment against the Ibarras. As in his petition, Mr. Casner argued in his brief that certain redemption provisions, specifically subsections (b), (c), (g), (i), and (p) in TEX.PROP.CODE ANN. § 209.011, were unconstitutional and that the Ibarras should be permanently enjoined from any implementation of these provisions.

On June 12, 2003, Los Felinos filed a Special Appearance, objecting to personal jurisdiction on the ground that they had never been served with Mr. Casner's petition in this matter in accordance with the Texas Rules of Civil Procedure. The following day, Los Felinos filed a Plea to the Jurisdiction, Special Exceptions, and Original Answer. In its Plea to the Jurisdiction, Los Felinos challenged the trial court's subject matter jurisdiction, arguing that Mr. Casner's petition was not timely filed and that the trial court could not set aside the judgment after the plenary power period expired in the case. Los Felinos informed the court that Mr. Casner had failed to notify the Attorney General of his declaratory judgment suit which alleged the unconstitutionality of a statute.[1]

Mr. Casner responded to Los Felinos' pleadings by filing a "Statement of Jurisdiction, Intervention and Service" on June 16, 2003. In this pleading, Mr. Casner stated that the trial court had jurisdiction to hear an action attacking the outcome of a sale by execution, citing *Hillkee Corp. v. Harrell*, 573 S.W.2d 558 (Tex.Civ.App.-Texarkana 1978, writ ref'd n.r.e.). Mr. Casner also claimed that his petition was a post-judgment intervention in the suit, which was permitted under Rule 60 of the Texas Rules of Civil Procedure, citing to *Breazeale v. Casteel*, 4 S.W.3d 434 (Tex.

App.-Austin 1999, pet. denied). On the same date, Mr. Casner also filed a pleading challenging Los Felinos' special appearance. On June 18, 2003, Los Felinos filed a motion to strike Mr. Casner's "petition" or plea in intervention, arguing that Mr. Casner lacked a sufficient interest in the case or alternatively his interest was not ripe, that Mr. Casner's plea was not timely, that Mr. Casner had failed to notify the Attorney General of the pendency of a suit under the Declaratory Judgments Act, and that if stricken, Mr. Casner could assert his rights in a separate action for declaratory relief.

On June 23, 2003, Mr. Casner filed a copy of a notice letter dated June 20, which had notified the Attorney General of his suit challenging the constitutionality of a statute. The letter stated that a hearing had been set on Mr. Casner's Motion to Enter Default Judgment for July 3, 2003. The following day, Mr. Casner filed his "First Supplemental Petition" in which he argued that his action was a post-judgment intervention and that he did not seek to set aside any judgment. Mr. Casner also argued that Section 37.006 of the Texas Civil Practice and Remedies Code does not require joinder of the Attorney General. Mr. Casner explained that his petition sought a determination pursuant to the Declaratory Judgments Act, requested that certain provisions of Section 209.011 of the Texas Property Code be found unconstitutional, and sought a permanent injunction. Mr. Casner also clarified that he sought the setting aside of the judgment sale, as alternative relief only if there was to be a quick return of the purchase money, which had not occurred. Therefore, he was no longer seeking this alternative relief.

---

1. In a declaratory relief proceeding in which a statute is alleged to be unconstitutional, the attorney general of the state must be served with a copy of the proceeding and is entitled to be heard. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.006(b)(Vernon 1997).

On July 3, 2003, the Attorney General filed a Plea in Intervention to address Mr. Casner's claim that various provisions of Section 209.011 were unconstitutional and his seeking of a declaration that the statute was invalid and an injunction prohibiting its enforcement. The trial court convened a hearing that same day on the pending motions and pleadings. Given Mr. Casner's live pleadings that he was not seeking to overturn the November 2002 judgment, Los Felinos' counsel stated that at that time it was only seeking attorney's fees. The Attorney General's counsel informed the court that it was intervening in the case because Mr. Casner had requested that the court declare provisions of the Property Code to be unconstitutional. The Attorney General's counsel questioned the trial court's jurisdiction to hear the cause, to hear Mr. Casner's petition, and even its jurisdiction to hear its plea in intervention since the final judgment in this case had been entered in November 2002. Mr. Casner informed the trial court that his intervention presented three causes of action: (1) to set aside the judgment sale; (2) a determination under the declaratory judgment act that provisions of the Texas Property Code were unconstitutional; and (3) a permanent injunction prohibiting the implementation of those unconstitutional provisions. Mr. Casner explained that he did not seek to overcome or change the judgment, but rather to protect his interest as an intervenor.

At the hearing, Mr. Casner's stated his reasons in support of finding various subsections of Section 209.011 unconstitutional, concluding that many innocent people would be hurt by these provisions, that they would degrade and devalue the affected properties, and that it was a special law that must be found unconstitutional. In response, the Attorney General defended the constitutionality of the statute, explaining that under the statutory scheme the Legislature placed certain restrictions on a property owners' associations' ability to foreclosure to collect its assessments, including allowing the property owner the right to redeem that property for a 180–day period after the sale.

Mr. Casner testified that he was not aware of Section 209.011 when he purchased the property and was not aware of the property's condition either. Since he purchased the property he had observed fifteen leaks, including a leaking roof and plaster damage to the ceiling. Mr. Casner stated that the rock walls around the property were decayed and falling apart. He observed water damage to the flooring and carpets, deterioration of the curtains, and various plumbing problems. Mr. Casner did not consider the property to be in a habitable condition. Mr. Casner believed it would cost between $20,000 to 40,000 to repair the property. Mr. Casner attempted to borrow money from a commercial lender, but was told under these circumstances, there was no way he could get a loan. According to Mr. Casner, if the prior owner redeemed the property after he made the costly repairs, he would only be paid back his purchase money, not his repair investment money, and if he rented the property, the rental income would have to be given to the prior owner. Mr. Casner also expressed concern about being out the money spent on moving out of the property upon any redemption and his inability to secure property insurance because it is currently not habitable. Following Mr. Casner's direct testimony, the hearing was recessed.

When the trial court reconvened on July 9, 2003, Los Felinos and Mr. Casner informed the court that they had reached an agreement. Los Felinos, Mr. Casner, and the presiding judge signed an Agreed Dismissal Order, which dismissed Mr. Casner's petition and all claims with prejudice

with regard to Los Felinos. The order recites that Mr. Casner agreed not to seek to overturn either the judgment or the judgment sale that resulted from Los Felinos' suit against the Ibarras. The trial court granted the Intervenors' requests to amend their pleadings.

On July 11, 2003, the former attorney ad litem for the Ibarras filed a Special Appearance for purposes of establishing his non-representation of the Ibarras in the pending matter. That same day, the trial court entered an order, declaring that the attorney ad litem's representation of the Ibarras terminated on November 21, 2002 and that the attorney ad litem no longer represented them.

On July 28, 2003, the trial court reconvened the hearing in this case. The live pleadings at that time were Mr. Casner's Second, Third, and Fourth Supplemental Petitions [2] and the Attorney General's Amended Plea in Intervention, Response to Motion for Default Judgment, and Motion to Strike Casner's Petition in Intervention. Mr. Casner had also filed a motion to strike the Attorney General's pleadings on the same date as the hearing. After listening to arguments on the pending motions and additional argument on Mr. Casner's claim for injunctive relief, the trial court took the motions under advisement and apparently concluded the proceedings.

On August 18, 2003, the trial court signed a judgment against the Ibarras. The judgment recites that the Ibarras,' "although duly served and notified, did not appear" and "have wholly made default." After considering the pleadings, evidence, and counsel arguments, the trial court found that:

using of Subsections (b), (c), (e), (g), (i) and (p) of Section 209.011 of the Texas Property Code by Juan A. Ibarra and Clarrisa R. Ibarra will result in unlawful and irreparable damages to Mack Casner. The Court finds, however, that the statute mentioned above as written is not unconstitutional.

The trial court then ordered that implementation of the above subsections of the statute be permanently enjoined in this cause. Further, it ordered that the Ibarras, their agents, heirs, successors, assignees, or any who have or claim to have rights in the property, were permanently enjoined from using and implementing the above subsections of the statute. The judgment does not reflect or identify the Attorney General as an Intervenor in the cause, however there is nothing in the record to indicate otherwise. The Attorney General now brings this appeal.

### Post–Judgment Intervention

In Issue Two, the Attorney General argues that Mr. Casner's intervention should have been stricken because it was untimely and not reasonably related to the underlying lawsuit. We find this issue dispositive of the appeal.

■ Rule 60 of the Texas Rules of Civil Procedure provides: "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX.R.CIV.P. 60. It is well-settled that a petition in intervention is untimely if it is filed after judgment was rendered and has become final and that it may not be considered unless and until that judgment has been set aside. *First Alief Bank v. White,*

---

2. Mr. Casner's Second Supplemental Petition was a response to the Attorney General's Plea in Intervention. His Third Supplemental Petition was a motion to strike the Plea in Intervention. Mr. Casner's Fourth Supplemental Petition was an objection to the court's order establishing the non-representation of the Ibarras by the attorney ad litem.

682 S.W.2d 251, 252 (Tex.1984)(trial court lacked authority to consider petition in intervention filed eighty-four days after the court signed judgment because the court no longer had plenary power to modify its judgment); *see* Tex.R.Civ.P. 329b(d), (f). *See also Citizens State Bank of Sealy, Texas v. Caney Investments,* 746 S.W.2d 477, 478 (Tex.1988)(trial court erred in allowing intervention where petition in intervention for an injunction in receivership proceedings ancillary to a divorce action was filed after a final divorce decree had been rendered and become final, therefore the appeal should have been dismissed); *Comal County Rural High Sch. Dist. No. 705 v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958)(petition in intervention could not be filed in the cause until and unless the district judge set aside his order of dismissal); *Keim v. Anderson,* 943 S.W.2d 938, 943–44 (Tex.App.-El Paso 1997, no writ)(petition in intervention cannot be filed after judgment unless the court sets aside its prior judgment).

Here, the trial court rendered its judgment in the original action on November 21, 2002. The trial court found that the Ibarras were indebted to Los Felinos and determined that the Ibarras had breached their obligations under the association's declaration and that Los Felinos had a valid vendor's lien against their property. The trial court ordered a judicial foreclosure of the property. Mr. Casner filed his petition in intervention on May 23, 2003, 183 days after the final judgment had been rendered. In his petition, Mr. Casner sought the setting aside of the judgment sale as alternative relief. In his first supplemental petition, however, Mr. Casner argued that he no longer was seeking to set aside any judgment in his post-judgment intervention. In fact, the agreed dismissal order between Los Feli-

nos and Mr. Casner was stipulated on Mr. Casner's agreement not to seek to overturn either the judgment or the judgment sale in the underlying action. The trial court's judgment of August 18, 2003, from which this appeal was taken, does not set aside the prior judgment in the underlying action, but rather, permanently enjoins the Ibarras from taking advantage of redemption provisions contained in Section 209.011 of the Texas Property Code.

In trial court proceedings, Mr. Casner relied on *Breazeale v. Casteel,* to support his post-judgment intervention in this case.[3] In *Breazeale,* a judgment creditor filed a turnover motion against the judgment debtor after he obtained a judgment against an insurance company in an unrelated lawsuit. *Breazeale,* 4 S.W.3d at 435. Assignees of the debtors' interest in the judgment filed petitions to intervene in the creditor's lawsuit. *Id.* The *Breazeale* Court held that intervention is not necessarily barred after the trial court has rendered final judgment where the intervenor does not attack the substance of the judgment itself, but merely seeks to protect his interest in property that is the subject of a turnover motion. *Id.* at 437. We agree with the Attorney General that the *Breazeale* Court clearly limited its holding to post-judgment motions for turnover relief and is inapplicable to the case at hand. Following settled case law, we conclude the trial court erred when it considered Mr. Casner's petition in intervention 183 days after rendition of its final judgment in the original action. The trial court lacked jurisdiction to enter its August 18, 2003 judgment granting a permanent injunction against the Ibarras, therefore that judgment is a nullity and void. Issue Two is sustained. We declined to address the remaining issues.

**3.** Mr. Casner did not file a response brief in this appeal.

We vacate the trial court's August 18, 2003 judgment and in no way disturb the trial court's judgment in the original action, which was rendered on November 21, 2002. Mr. Casner's case, that is, the post-judgment petition in intervention is hereby dismissed.