COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ATTORNEY GENERAL OF TEXAS,                  )

                                                                              )              
No.  08-03-00437-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 34th District Court

MACK CASNER,                                                )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )                   (TC# 2002-995)

                                                                              )

 

 

O
P I N I O N

 

This case arises
from a judicial foreclosure of real property by a homeowners= association for unpaid assessment and
administrative fees.  The parties in this
appeal are intervenors to the original action. 
Appellant, the Attorney General of Texas (AAttorney
General@)
challenges the trial court=s
purported no-answer default judgment in favor of Appellee Mack Casner on both
procedural and jurisdictional grounds. 
After reviewing the record, we conclude the trial court had no
jurisdiction to enter its judgment.  We
vacate the trial court=s
judgment of August 18, 2003 and dismiss the case.








On March 8, 2002,
Los Felinos, Inc. (ALos
Felinos@), a
homeowners=
association, filed suit against Juan and Clarrisa Ibarra (Athe Ibarras@)
for failure to pay homeowner assessments and administrative fees on their
property unit in Coronado Country Club Estates. 
In its original petition, Los Felinos alleged that under the Ibarras= deed, the property was subject to
certain covenants, conditions, and restrictions, which reserved to Los Felinos
a vendor=s lien to
secure payment of all assessments due. 
Los Felinos sought a judgment for the accrued assessments and
administrative fees, establishment and foreclosure of their vendor=s lien to secure the Ibarras= obligation, and a forced sale of the
property.  After the Ibarras were served
by substituted service, an Attorney Ad Litem was appointed and a general denial
answer was filed on June 6, 2002.

On November 21,
2002, the trial court signed a judgment against the Ibarras finding sufficient
evidence to prove that the Ibarras were indebted to Los Felinos in the amount
of $4,579.54 for past due assessments, costs of enforcement, and late
charges.  The trial court found that the
Ibarras were also indebted to Los Felinos in the amount of $1,018.75 for
reasonable attorney=s
fees.  The trial court determined that
Los Felinos had a valid and subsisting vendor=s
lien against the property and that the Ibarras had breached the obligations of
the condominium declaration to which the property was subject.  The trial court ordered foreclosure of the
property in satisfaction of the judgment. 
In its judgment, the trial court also awarded $250 as attorney=s fees to the attorney ad litem for
legal services rendered to the Ibarras in the action.








On May 23, 2003,
Appellee Mack Casner filed a petition under the original cause number in the
Los Felinos suit.  Mr. Casner alleged
that he had bought the property at a judgment sale on May 6, 2003.  He also alleged that on May 14, 2003, Los
Felinos mailed a notice regarding the Ibarras=
right of redemption of the property pursuant to Chapter 209 of the Texas
Property Code.  In his petition, Mr.
Casner challenged the constitutionality of several of the redemption provisions
in Section 209.011 of the Code.  In his
prayer, Mr. Casner requested that the trial court find the challenged
provisions unfair, unjust, illegal, and unconstitutional.  He also requested that the court enjoin Aimplementation@
of the provisions until trial and permanently enjoin their implementation upon
final trial.  In the alternative, Mr.
Casner plead that the trial court set aside the judgment sale and return his
purchase money.  Mr. Casner also stated
he sought additional relief pursuant to the Texas Uniform Declaratory Judgments
Act.  Mr. Casner filed a Motion to Enter
Default Judgment with a supporting brief on June 10, 2003.  In his motion, Mr. Casner requested a default
judgment against the Ibarras.  As in his
petition, Mr. Casner argued in his brief that certain redemption
provisions, specifically subsections (b), (c), (g), (i), and (p) in Tex.Prop.Code Ann. ' 209.011, were unconstitutional and
that the Ibarras should be permanently enjoined from any implementation of
these provisions.

On June 12, 2003,
Los Felinos filed a Special Appearance, objecting to personal jurisdiction on
the ground that they had never been served with Mr. Casner=s petition in this matter in accordance
with the Texas Rules of Civil Procedure. 
The following day, Los Felinos filed a Plea to the Jurisdiction, Special
Exceptions, and Original Answer.  In its
Plea to the Jurisdiction, Los Felinos challenged the trial court=s subject matter jurisdiction, arguing
that Mr. Casner=s
petition was not timely filed and that the trial court could not set aside the
judgment after the plenary power period expired in the case.  Los Felinos informed the court that
Mr. Casner had failed to notify the Attorney General of his declaratory
judgment suit which alleged the unconstitutionality of a statute.[1]








Mr. Casner
responded to Los Felinos=
pleadings by filing a AStatement
of Jurisdiction, Intervention and Service@
on June 16, 2003.  In this pleading, Mr.
Casner stated that the trial court had jurisdiction to hear an action attacking
the outcome of a sale by execution, citing Hillkee Corp. v. Harrell, 573
S.W.2d 558 (Tex.Civ.App.--Texarkana 1978, writ ref=d
n.r.e.).  Mr. Casner also claimed
that his petition was a post-judgment intervention in the suit, which was
permitted under Rule 60 of the Texas Rules of Civil Procedure, citing to Brezeale
v. Casteel, 4 S.W.3d 434 (Tex.App.--Austin 1999, pet. denied).  On the same date, Mr. Casner also filed a
pleading challenging Los Felinos=
special appearance.  On June 18, 2003,
Los Felinos filed a motion to strike Mr. Casner=s
Apetition@
or plea in intervention, arguing that Mr. Casner lacked a sufficient interest
in the case or alternatively his interest was not ripe, that Mr. Casner=s plea was not timely, that Mr. Casner
had failed to notify the Attorney General of the pendency of a suit under the
Declaratory Judgments Act, and that if stricken, Mr. Casner could assert his
rights in a separate action for declaratory relief.








On June 23, 2003,
Mr. Casner filed a copy of a notice letter dated June 20, which had notified
the Attorney General of his suit challenging the constitutionality of a
statute.  The letter stated that a
hearing had been set on Mr. Casner=s
Motion to Enter Default Judgment for July 3, 2003.  The following day, Mr. Casner filed his AFirst Supplemental Petition@ in which he argued that his action was
a post- judgment intervention and that he did not seek to set aside any
judgment.  Mr. Casner also argued that
Section 37.006 of the Texas Civil Practice and Remedies Code does not require
joinder of the Attorney General.  Mr.
Casner explained that his petition sought a determination pursuant to the
Declaratory Judgments Act, requested that certain provisions of Section 209.011
of the Texas Property Code be found unconstitutional, and sought a permanent
injunction.  Mr. Casner also clarified
that he sought the setting aside of the judgment sale, as alternative relief
only if there was to be a quick return of the purchase money, which had not
occurred.  Therefore, he was no longer
seeking this alternative relief.  

On July 3, 2003,
the Attorney General filed a Plea in Intervention to address Mr. Casner=s claim that various provisions of
Section 209.011 were unconstitutional and his seeking of a declaration that the
statute was invalid and an injunction prohibiting its enforcement.  The trial court convened a hearing that same
day on the pending motions and pleadings. 
Given Mr. Casner=s
live pleadings that he was not seeking to overturn the November 2002 judgment,
Los Felinos= counsel
stated that at that time it was only seeking attorney=s
fees.  The Attorney General=s counsel informed the court that it
was intervening in the case because Mr. Casner had requested that the court
declare provisions of the Property Code to be unconstitutional.  The Attorney General=s
counsel questioned the trial court=s
jurisdiction to hear the cause, to hear Mr. Casner=s
petition, and even its jurisdiction to hear its plea in intervention since the
final judgment in this case had been entered in November 2002.  Mr. Casner informed the trial court that his
intervention presented three causes of action: 
(1) to set aside the judgment sale; (2) a determination under the
declaratory judgment act that provisions of the Texas Property Code were
unconstitutional; and (3) a permanent injunction prohibiting the implementation
of those unconstitutional provisions. 
Mr. Casner explained that he did not seek to overcome or change the
judgment, but rather to protect his interest as an intervenor.








At the hearing,
Mr. Casner=s stated
his reasons in support of finding various subsections of Section 209.011
unconstitutional, concluding that many innocent people would be hurt by these
provisions, that they would degrade and devalue the affected properties, and
that it was a special law that must be found unconstitutional.  In response, the Attorney General defended
the constitutionality of the statute, explaining that under the statutory
scheme the Legislature placed certain restrictions on a property owners= associations=
ability to foreclosure to collect its assessments, including allowing the
property owner the right to redeem that property for a 

180-day period after the sale.

Mr. Casner  testified that he was not aware of Section
209.011 when he purchased the property and was not aware of the property=s condition either.  Since he purchased the property he had
observed fifteen leaks, including a leaking roof and plaster damage to the
ceiling.  Mr. Casner stated that the
rock walls around the property were decayed and falling apart.  He observed water damage to the flooring and
carpets, deterioration of the curtains, and various plumbing problems.  Mr. Casner did not consider the property to
be in a habitable condition. 
Mr. Casner believed it would cost between $20,000 to 40,000 to
repair the property.  Mr. Casner
attempted to borrow money from a commercial lender, but was told under these
circumstances, there was no way he could get a loan.  According to Mr. Casner, if the prior owner
redeemed the property after he made the costly repairs, he would only be paid
back his purchase money, not his repair investment money, and if he rented the
property, the rental income would have to be given to the prior owner.  Mr. Casner also expressed concern about being
out the money spent on moving out of the property upon any redemption and his
inability to secure property insurance because it is currently not
habitable.  Following Mr. Casner=s direct testimony, the hearing was
recessed.








When the trial
court reconvened on July 9, 2003, Los Felinos and Mr. Casner informed the court
that they had reached an agreement.  Los
Felinos, Mr. Casner, and the presiding judge signed an Agreed Dismissal Order,
which dismissed Mr. Casner=s
petition and all claims with prejudice with regard to Los Felinos.  The order recites that Mr. Casner agreed not
to seek to overturn either the judgment or the judgment sale that resulted from
Los Felinos= suit
against the Ibarras.  The trial court
granted the Intervenors=
requests to amend their pleadings.

On July 11, 2003,
the former attorney ad litem for the Ibarras filed a Special Appearance for
purposes of establishing his non-representation of the Ibarras in the pending
matter.  That same day, the trial court
entered an order, declaring that the attorney ad litem=s
representation of the Ibarras terminated on November 21, 2002 and that the
attorney ad litem no longer represented them.

On July 28, 2003,
the trial court reconvened the hearing in this case.  The live pleadings at that time were Mr.
Casner=s Second,
Third, and Fourth Supplemental Petitions[2]
and the Attorney General=s
Amended Plea in Intervention, Response to Motion for Default Judgment, and Motion
to Strike Casner=s
Petition in Intervention.  Mr. Casner had
also filed a motion to strike the Attorney General=s
pleadings on the same date as the hearing. 
After listening to arguments on the pending motions and additional
argument on Mr. Casner=s
claim for injunctive relief, the trial court took the motions under advisement
and apparently concluded the proceedings.

On August 18,
2003, the trial court signed a judgment against the Ibarras.  The judgment recites that the Ibarras,= Aalthough
duly served and notified, did not appear@
and Ahave
wholly made default.@  After considering the pleadings, evidence,
and counsel arguments, the trial court found that:








using of Subsections (b), (c), (e),
(g), (i) and (p) of Section 209.011 of the Texas Property Code by Juan A.
Ibarra and Clarrisa R. Ibarra will result in unlawful and irreparable damages
to Mack Casner.  The Court finds, however,
that the statute mentioned above as written is not unconstitutional.

 

The trial court then ordered that
implementation of the above subsections of the statute be permanently enjoined
in this cause.  Further, it ordered that
the Ibarras, their agents, heirs, successors, assignees, or any who have or
claim to have rights in the property, were permanently enjoined from using and
implementing the above subsections of the statute.  The judgment does not reflect or identify the
Attorney General as an Intervenor in the cause, however there is nothing in the
record to indicate otherwise.  The
Attorney General now brings this appeal.

Post-Judgment
Intervention

In Issue Two, the
Attorney General argues that Mr. Casner=s
intervention should have been stricken because it was untimely and not
reasonably related to the underlying lawsuit. 
We find this issue dispositive of the appeal.








Rule 60 of the
Texas Rules of Civil Procedure provides: 
AAny party
may intervene by filing a pleading, subject to being stricken out by the court
for sufficient cause on the motion of any party.@  Tex.R.Civ.P.
60.  It is well-settled that a petition
in intervention is untimely if it is filed after judgment was rendered and has
become final and that it may not be considered unless and until that judgment
has been set aside.  First Alief Bank
v. White, 682 S.W.2d 251, 252 (Tex. 1984)(trial court lacked authority to
consider petition in intervention filed eighty-four days after the court signed
judgment because the court no longer had plenary power to modify its judgment);
see Tex.R.Civ.P. 329b(d),
(f).  See also Citizens State Bank of
Sealy, Texas v. Caney Investments, 746 S.W.2d 477, 478 (Tex. 1988)(trial
court erred in allowing intervention where petition in intervention for an
injunction in receivership proceedings ancillary to a divorce action was filed
after a final divorce decree had been rendered and become final, therefore the
appeal should have been dismissed); Comal County Rural High Sch. Dist. No.
705 v. Nelson, 158 Tex. 564, 314 S.W.2d 956, 957 (1958)(petition in
intervention could not be filed in the cause until and unless the district
judge set aside his order of dismissal); Keim v. Anderson, 943 S.W.2d
938, 943-44 (Tex.App.--El Paso 1997, no writ)(petition in intervention cannot
be filed after judgment unless the court sets aside its prior judgment).

Here, the trial
court rendered its judgment in the original action on November 21, 2002. The trial
court found that the Ibarras were indebted to Los Felinos and determined that
the Ibarras had breached their obligations under the association=s declaration and that Los Felinos had
a valid vendor=s lien
against their property.  The trial court
ordered a judicial foreclosure of the property. 
Mr. Casner filed his petition in intervention on May 23, 2003, 183 days
after the final judgment had been rendered. 
In his petition, Mr. Casner sought the setting aside of the judgment
sale as alternative relief.  In his first
supplemental petition, however, Mr. Casner argued that he no longer was seeking
to set aside any judgment in his post-judgment intervention.  In fact, the agreed dismissal order between
Los Felinos and Mr. Casner was stipulated on Mr. Casner=s
agreement not to seek to overturn either the judgment or the judgment sale in
the underlying action.  The trial court=s judgment of August 18, 2003, from
which this appeal was taken, does not set aside the prior judgment in the
underlying action, but rather, permanently enjoins the Ibarras from taking
advantage of redemption provisions contained in Section 209.011 of the Texas
Property Code.

In trial court
proceedings, Mr. Casner relied on Breazeale v. Casteel, to support his 








post-judgment intervention in this
case.[3]  In Breazeale, a judgment creditor
filed a turnover motion against the judgment debtor after he obtained a
judgment against an insurance company in an unrelated lawsuit.  Breazeale, 4 S.W.3d at 435.  Assignees of the debtor=s interest in the judgment filed
petitions to intervene in the creditor=s
lawsuit.  Id.  The Breazeale Court held that Aintervention is not necessarily barred
after the trial court has rendered final judgment where the intervenor does not
attack the substance of the judgment itself, but merely seeks to protect his
interest in property that is the subject of a turnover motion.@ 
Id. at 437.  We agree with
the Attorney General that the Breazeale Court clearly limited its
holding to post-judgment motions for turnover relief and is inapplicable to the
case at hand.  Following settled case
law, we conclude the trial court erred when it considered Mr. Casner=s petition in intervention 183 days
after rendition of its final judgment in the original action.  The trial court lacked jurisdiction to enter
its August 18, 2003 judgment granting a permanent injunction against the
Ibarras, therefore that judgment is a nullity and void.  Issue Two is sustained.  We declined to address the remaining issues.

We vacate the
trial court=s August
18, 2003 judgment and in no way disturb the trial court=s
judgment in the original action, which was rendered on November 21, 2002.  Mr. Casner=s
case, that is, the post-judgment petition in intervention is hereby dismissed. 

 

 

December
22, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]
In a declaratory relief proceeding in which a statute is alleged to be
unconstitutional, the attorney general of the state must be served with a copy
of the proceeding and is entitled to be heard. 
See Tex.Civ.Prac.&Rem.Code
Ann. '
37.006(b)(Vernon 1997).





[2]
Mr. Casner=s Second
Supplemental Petition was a response to the Attorney General=s Plea in Intervention.  His Third Supplemental Petition was a motion
to strike the Plea in Intervention.  Mr.
Casner=s Fourth
Supplemental Petition was an objection to the court=s
order establishing the non-representation of the Ibarras by the attorney ad
litem.





[3]
Mr. Casner did not file a response brief in this appeal.