COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EDUARDO LERMA, 

                      Appellant,

v.

STEWART FORBES,

                      Appellee.


§

§

§

§

§

No. 08-03-00310-CV

Appeal from the

327th District Court

of El Paso County, Texas

(TC# 2000-2579AF)



O P I N I O N

           Appellant, Eduardo Lerma, pro se, appeals from the trial court’s entry of a
judgment in favor of Appellee, Stewart Forbes, pro se, on a Motion for Summary
Judgment filed by Appellee in post-judgment proceedings. Appellant contends that the
trial court had lost its plenary power jurisdiction over the case and was, therefore,
incapable of rendering a summary judgment in favor of Appellee. Both parties are
licensed attorneys in the state of Texas and have been involved in a drawn out and
acrimonious battle over money allegedly owed by Appellant to Appellee as a result of
legal representation provided by Appellee. Appellant characterizes this matter as a fee
dispute case and Appellee insists that the case is a sworn account case. For the purpose
of disposition of this appeal, the underlying characterization of the dispute is irrelevant. 
Appellant raises one issue on appeal. For the reasons stated below, we affirm the
judgment of the trial court.
I. BACKGROUND
           A portion of the record in the underlying case has been permanently sealed pursuant
to Tex.R.Civ.P. 76a. It is necessary to briefly state the procedural context of the case, but
our recitation of the facts will therefore be kept to a minimum. Landmark Organization, L.P.
sued Appellant’s brother, Roberto Lerma.


 Appellant, along with other attorneys, represented
Roberto in the suit. After the case concluded, Appellant filed a petition in intervention
because Roberto refused to pay the attorney’s fees Roberto owed Appellant. Appellant hired
Stewart Forbes to represent him in the arbitration of the dispute. The visiting judge assigned
to hear the attorney’s fee dispute severed Appellant’s petition in intervention from cause
number 2000-2579 and re-numbered the suit as cause number 2000-2579AF.
           Arbitration took place in February 2002 and on March 12, 2002, the arbitrator granted
Forbes’s motion to withdraw. The arbitrator then entered a written arbitration award on
March 29, 2002, and awarded Appellant $60,000 plus attorney’s fees and expenses in the
amount of $47,795.65. On June 13, 2002, the visiting judge entered judgment in accordance
with the arbitration award. With the aid of a writ of garnishment, Appellant collected
$55,000 on the judgment, but ironically, he refused to pay Forbes his attorney’s fees. 
Consequently, Forbes filed a petition in intervention on January 31, 2003. Stating a suit on
sworn account, breach of contract, equitable assignment, and constructive trust claims,
Forbes alleged that his attorney’s fees and expenses incurred in connection with the
arbitration were $47,795.65 and that the arbitrator had awarded this sum to Appellant for
Forbes’s attorney’s fees and expenses. Appellant had paid Forbes $21,000 on the balance
owed but refused to pay the balance owed him.
           Forbes filed a motion for summary judgment on February 26, 2003. The Honorable
Linda Chew, Judge of the 327th District Court, entered an order generally granting summary
judgment on June 9, 2003, but she did not rule on several pending motions, including
Appellant’s motion to strike the petition in intervention and Forbes’s objections to
Appellant’s late-filed pleadings and summary judgment response. The June 6 order did
contain a Mother Hubbard clause. Appellant filed a premature notice of appeal which this
Court docketed as cause number 08-03-00310-CV. Forbes filed a motion to sever his claim
against Appellant from the main case and enter judgment. Additionally, he requested that
the trial court specifically rule on his objections to the late-filed pleadings and summary
judgment responses as well as the other pending motions. Appellant also filed a motion
asking the trial court to rule on his motion to strike the petition in intervention. On August
13, 2003, the trial court signed orders sustaining Forbes’s objections to Appellant’s summary
judgment responses, severing Forbes’s cause of action from cause numbers 2000-2579 and
2000-2579AF, striking Appellant’s late-filed pleadings, and denying the motion to strike the
plea in intervention.


 On this same date, the trial court entered a final judgment awarding
Forbes $26,796.65 as the final amount due plus pre-judgment and post-judgment interest. 
Appellant timely filed a motion for new trial and later filed notice of appeal on November
24, 2003. We initially filed the second notice of appeal in cause number 08-03-00310-CV
as an amended notice of appeal but Appellant complained, insisting that it should be
docketed as a separate appeal because it involved a second judgment in the same cause
number. Accordingly, we filed it in a separate appeal and assigned it cause number 08-03-00510-CV.



           Appellant filed a petition seeking mandamus relief on December 15, 2003 asking this
Court to order the trial court to vacate or set aside the order denying Appellant’s motion to
strike intervention and to set aside the final summary judgment granted in favor of Stewart
Forbes. On May 13, 2004, we ruled that Appellant had an adequate remedy by direct appeal
and denied the mandamus relief.



II. ISSUE ON REVIEW
           Appellant has asserted one issue on review, complaining that “[t]he trial court’s
plenary jurisdiction had expired, such that Judge Linda Y. Chew clearly erred in allowing
Forbes to intervene, granting summary judgment and then entering a second order granting
summary judgment and severing the case.” We read this issue as a complaint that the trial
court abused its discretion in allowing the post-judgment intervention and subsequent entry
of summary judgment in favor of Appellee. We note for the record that while the issue as
worded appears to challenge the trial court’s granting of summary judgment in favor of
Appellee and severance of the case, we observe that the complaint on the merits of the
granting of the summary judgment is not briefed nor argued. Appellant’s brief only
challenges the plenary jurisdiction of the trial court and does not challenge the substantive
granting of the summary judgment. Because that issue is not briefed nor argued, we consider
it waived and do not address it.
           The brief “must contain a succinct, clear, and accurate statement of the arguments
made in the body of the brief.” Tex. R. App. P. 38.1(g). Rule 38 requires Appellant to
provide us with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue. See Tesoro Petroleum Corp. v. Nabors Drilling USA,
Inc., 106 S.W.3d 118, 128 (Tex.App.--Houston [1st Dist.] 2002, pet. denied); Franklin v.
Enserch, Inc., 961 S.W.2d 704, 711 (Tex.App.--Amarillo 1998, no pet.). This is not done
by merely uttering brief conclusory statements, unsupported by legal citations. Tesoro
Petroleum Corp., 106 S.W.3d at 128. By presenting such attenuated, unsupported argument,
Appellant waives his complaints. We do not, therefore, address that implied issue.
           Turning to Appellant’s issue that the expiration of the court’s plenary jurisdiction
prohibits the filing of the plea in intervention by Appellee, we note that we review the actions
of the trial court for an abuse of discretion.
           Intervention is permitted as a matter of right, “subject to being stricken out by the
court for sufficient cause on the motion of any party.” Tex. R. Civ. P. 60. Review of a trial
court’s order on a motion to strike intervention is subject to an abuse of discretion standard.
See Breazeale v. Casteel, 4 S.W.3d 434, 436 (Tex.App.--Austin 1999, pet. denied); Guaranty
Fed. Savs. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990).
           A trial court abuses its discretion if it acts without reference to any guiding rules or
principles. E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).
A reviewing court cannot conclude that a trial court abused its discretion if, in the same
circumstances, it would have ruled differently or if the trial court committed a mere error in
judgment. Instead, the test is whether the trial court acted without reference to any guiding
rules or principles; in other words, whether the act was arbitrary and unreasonable. Id.
           We agree with the Austin Court of Appeals in Breazeale, and recognize the unique 
situation created by the intervenor that has no complaint with the merits of the judgment
obtained in the underlying lawsuit, but only seeks to protect his or her own interest in the
post-judgment proceedings. We believe that post-judgment intervention is allowed where
such is the case. See Breazeale, 4 S.W.3d at 436. Here, the issue of the trial court’s plenary
jurisdiction is irrelevant to our determination of whether the trial court should have granted
Appellant’s motion to strike Appellee’s intervention. We agree that the decision of whether
to allow the intervention or to strike the pleading was discretionary with the court and find
no abuse in the court’s decision to allow the intervention to be filed.
           We note that Appellant’s brief does not address the merits of why the denial of
Appellant’s motion to strike was an abuse of discretion. Appellant only argues that because
the plenary jurisdiction of the court had expired before the January 31, 2003 plea in
intervention was filed, this Court should overrule the trial court’s decision below. His focus
is solely on the expiration of the plenary judgment period as a bar to any further action by the
trial court. We believe that the post-judgment filing of a plea in intervention to protect the
interests of a party in the proceeds of a lawsuit was clearly contemplated by the legislature. 
Tex. Civ. Prac. & Rem. Code Ann. § 31.002(d) (Vernon Supp. 2004-05).
           We find no reason to hold that the decision of the trial court in allowing the filing of
the post-judgment plea in intervention to protect Appellee’s interest in the proceeds of the
judgment was an abuse of discretion. Accordingly, we overrule Appellant’s sole issue on
appeal.
           Because we have found that the trial court did not abuse her discretion in allowing the
filing of the plea in intervention and having overruled Appellant’s sole issue on appeal, we
affirm the judgment of the trial court and deny as moot Appellant’s motion to clarify.

                                                                  RICHARD BARAJAS, Chief Justice
June 23, 2005

Before Panel No. 5
Barajas, C.J., McClure, J., and Hill, C.J. (Ret.).
Hill, C.J. (Ret.)., sitting by assignment