

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00001-CV

CARL STORCK AND VICKI STORCK, Appellants

V.

TRES LAGOS PROPERTY OWNERS ASSOCIATION, INC., Appellee

On Appeal from the 62nd District Court
Franklin County, Texas
Trial Court No. 10,964

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In May 2013, the Tres Lagos Property Owners' Association, Inc. (the Association), was awarded a money judgment against Carl and Vicki Storck, including attorney fees. Following the 2015 final disposition of the Storcks' appeal of that judgment and a subsequent release of the judgment purportedly executed by the Association,[1] the Storcks filed a motion to release the $13,588.70 cash supersedeas bond that had been deposited by them in the registry of the trial court to suspend the collection of the judgment pending appeal. In response, on November 2, 2015, a petition in intervention was filed in the underlying lawsuit seeking various things, including an order to pay the Storck funds to the Association's attorney as a credit against the attorney fees awarded to the Association against the Storcks.[2] The trial court denied the Storcks' motion to strike the attorney's intervention and ordered that the funds be paid to the attorney.[3]

---

[1]The original judgment was appealed to this Court. *See generally Storck v. Tres Lagos Prop. Owners Ass'n, Inc.*, 442 S.W.3d 730 (Tex. App.—Texarkana 2014, pet. denied). Following the issuance of our appellate opinion, a separate trial court proceeding was held in which the Storcks successfully challenged the actions of the Association's board of directors on the basis of irregularities in the elections of several of the members of its governing board. In light of the judgment in the subsequent case, which the Storcks argued impacted issues involved in the appeal from the original judgment, the Association signed a release of the original judgment. Armed with this release, the Storcks moved to have the supersedeas bond returned to them.

[2]The petition to intervene was filed by the Association's counsel, Larry R. Wright, asking the court to (1) declare that the Association held the judgment against the Storcks under a constructive trust for his benefit, (2) declare that the release was void, (3) set aside the Association's release of the original judgment, and (4) release the Storcks' cash bond to him as partial payment of the attorney fees awarded in the original judgment against the Storcks. Wright argued that the Association's release of the original judgment was invalid because (1) the Association "released the judgment for no consideration," constituting an improper "disposition of assets of a Not For Profit Corporation," (2) the release of the original judgment was improperly signed by the Treasurer instead of the President of the board of directors, and (3) the release of the original judgment was "an ultra vires act outside the scope of authority of the board of directors and was done in violation of the best interest of the members of the [Association]." Another release, executed by the board's President, was later executed and filed. In a separate lawsuit against the Association, on May 26, 2016, Wright obtained a judgment against the Association in the sum of $45,000.00, plus court costs and post-judgment interest.

[3]On December 4, 2015, after a brief hearing comprising nine pages of transcript, the trial court granted Wright's post-judgment intervention, entered a declaratory judgment that the original judgment was held by the Association in

On appeal from that order, the Storcks argue, among other things, that the post-judgment intervention was improper because it was filed too late. We agree. Specifically, we conclude that the petition for intervention was filed after the trial court's plenary power expired, rendering the intervention untimely and making void the order signed in connection with the intervention. Accordingly, we vacate the trial court's order and dismiss this appeal.

The Texas "intervention doctrine is expansive[,] but not without limits. Under Texas law, a third party 'is not required to secure the court's permission to intervene.'" *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (citations omitted)). "Any party may intervene by filing a pleading, subject to being stricken . . . by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60.

"Yet while the rules require no judicial permission and impose no intervention deadline, our common law dictates that a party may not intervene post-judgment unless the trial court first sets aside the judgment." *Naylor*, 466 S.W.3d at 788 (citing *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) ("[A] plea in intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside." (Citations omitted))); *see Comal Cty. Rural High Sch. Dist. v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958). "Judicial action taken after the expiration of the trial court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void." *Douglas-Peters v. Choe, Holen, Yoo & Burchfiel, P.C.*,

---

constructive trust for Wright in payment for his attorney fees, declared the release of the original judgment void, and ordered the proceeds of the cash bond released to Wright. The trial court found the release invalid and "affirmed in all respects" its judgment. *See id.*

3

No. 05-10-00208-CV, 2010 WL 4946612, at *1 (Tex. App.—Dallas Dec. 7, 2010, no pet.) (mem. op.) (citing *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.)).

Here, the trial court's original judgment was signed in May 2013. Wright's petition in intervention was filed in November 2015 at a time when the trial court's plenary power had long since expired. Wright acknowledges that, "[a]s a general rule, one cannot intervene after a final judgment." Yet, he argues that an exception to the rule applies, as discussed in *Breazeale v. Casteel*, 4 S.W.3d 434, 437 (Tex. App.—Austin 1999, pet. denied) and *Lerma v. Forbes*, 166 S.W.3d 889, 893 (Tex. App.—El Paso 2005, pet. denied.). We examine these cases to explain our disagreement with Wright's position.

In *Breazeale*, the Austin Court of Appeals determined that post-judgment intervention "is not necessarily barred after the trial court has rendered final judgment where the intervenor does not attack the substance of the judgment itself, but merely seeks to protect his interest in property that is the subject of a turnover motion." *Breazeale*, 4 S.W.3d at 437. *Breazeale* involved a situation entirely different than the one before us. There, Lori Breazeale recovered a final judgment in a lawsuit against Casteel. *Id.* at 435. Six years later, she filed a motion for turnover in the same action seeking an interest in a lawsuit Casteel was pursuing against Crown Life Insurance Company. *Id.* Because Casteel had previously assigned his interest in that lawsuit to third parties, the third-party assignees filed petitions in intervention to protect their own interests in any judgment that Casteel may have recovered against Crown. *Id.* Breazeale argued that the trial court should not have allowed the intervention, but the Austin court disagreed. The Austin court reasoned (1) that Breazeale, who had a final judgment, filed a proper turnover action, (2) that

4

the assignee intervenors were seeking to protect their interests in the claims that were the focus of the turnover motion filed by Breazeale, and (3) that the intervention did not seek to attack the substance, validity, or enforceability of the judgment awarded to Breazeale. Likewise, in *Lerma*, the El Paso Court of Appeals relied on the Texas turnover statute in finding that the trial court properly allowed post-judgment intervention. *Lerma*, 166 S.W.3d at 893.[4]

*Breazeale* and *Lerma* both allowed post-judgment intervention in cases where a judgment creditor was properly invoking the Texas turnover statute and was not seeking to alter the merits of the case in which he intervened. Here, by contrast, Wright is not a judgment creditor, did not attempt to invoke the Texas turnover statute, does not appear to meet the requirements to use that statute, and sought to alter the trial court's original judgment by asking the court to declare that it was held by the Association for his benefit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2015); *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 603 (Tex. App.—Dallas 1990, no pet.) (Section 38.001 not intended to award attorney fees directly to party's attorney, but to client). In cases more akin to the one before us, our sister court of appeals in Dallas has distinguished *Breazeale* and *Lerma*, "and found them to be inapplicable when, as in this case, an attorney or law firm seeks fees incurred in representing one of the parties in the underlying case." *Douglas-Peters*,

---

[4]There, Landmark Organization, L.P., sued Lerma's brother. *Lerma*, 166 S.W.3d at 891. Lerma, along with other attorneys, represented his brother in the lawsuit. After the trial court entered final judgment, Lerma filed a petition in intervention because his brother refused to pay his attorney fees. *Id.* The trial court severed the petition in intervention and renumbered the suit in a new cause. *Id.* The matter was referred to arbitration, where Lerma was represented by Stewart Forbes. *Id.* Lerma obtained an arbitration award in his favor, plus $47,795.65 in attorney fees. *Id.* The trial court entered judgment in accordance with the arbitration award. *Id.* Because Lerma (ironically) refused to pay Forbes, Forbes filed a post-judgment petition in intervention stating a suit on sworn account, breach of contract, equitable assignment, and constructive trust claims. *Id.* The trial court severed Forbes' claims into a new action and entered judgment for Forbes on the balance due to him. *Id.* at 891–92. It further denied Lerma's motion to strike Forbes' intervention. *Id.* at 892. In affirming the denial of the motion for intervention, the El Paso court invoked and applied *Breazeale*. *Id.* at 893.

2010 WL 4946612, at *2 (citing *Gore v. Peck*, 191 S.W.3d 927, 928 (Tex. App.—Dallas 2006, no

pet.); *Malone*, 182 S.W.3d at 469).

> In *Douglas-Peters*, the Dallas Court of Appeals wrote:
>
> As was the case in both *Gore* and *Malone*, the Firm is seeking attorney's fees incurred in representing Douglas–Peters in the underlying suit. In *Gore*, we stated "seeking attorney's fees for services rendered was a part of the [underlying] suit[";] therefore, the Firm is "seeking to alter the underlying judgment, and *Breazeale* does not apply." *See Gore*, 191 S.W.3d at 928–29. We also note the El Paso Court of Appeals has issued an opinion limiting its holding in *Lerma*. *See Attorney Gen. of Tex. v. Casner*, 224 S.W.3d 216, 221 (Tex. App.—El Paso 2004, no pet.) ("the *Breazeale* Court clearly limited its holding to post-judgment motions for turnover relief.").

*Douglas-Peters*, 2010 WL 4946612, at *2. We agree with that reasoning.

Because Wright's petition for intervention was filed after the trial court's plenary power

expired, and because the *Breazeale/Lerma* exception does not apply and should not be extended

to this situation, the intervention was untimely, and the trial court order signed in connection with

the intervention is void. Accordingly, we vacate the December 4, 2015, order and dismiss this

appeal.


           Josh R. Morriss, III
           Chief Justice


Date Submitted:     September 8, 2016
Date Decided:      October 7, 2016