Eduardo **LERMA**, Appellant,

v.

Stewart **FORBES**, Appellee.

No. 08–03–00310–CV.

Court of Appeals of Texas, El Paso.

June 23, 2005.

Rehearing Overruled July 27, 2005.

---

Eduardo N. Lerma, El Paso, pro se.

Stewart W. Forbes, Forbes & Forbes, ElPaso, pro se.

Before Panel No. 5 BARAJAS, C.J., McCLURE, J., and HILL, C.J. (Retired, sitting by assignment).

## OPINION

RICHARD BARAJAS, Chief Justice.

Appellant, Eduardo Lerma, *pro se*, appeals from the trial court's entry of a judgment in favor of Appellee, Stewart Forbes, *pro se*, on a Motion for Summary Judgment filed by Appellee in post-judgment proceedings. Appellant contends that the trial court had lost its plenary

power jurisdiction over the case and was, therefore, incapable of rendering a summary judgment in favor of Appellee. Both parties are licensed attorneys in the state of Texas and have been involved in a drawn out and acrimonious battle over money allegedly owed by Appellant to Appellee as a result of legal representation provided by Appellee. Appellant characterizes this matter as a fee dispute case and Appellee insists that the case is a sworn account case. For the purpose of disposition of this appeal, the underlying characterization of the dispute is irrelevant. Appellant raises one issue on appeal. For the reasons stated below, we affirm the judgment of the trial court.

## I. *BACKGROUND*

A portion of the record in the underlying case has been permanently sealed pursuant to Tex.R.Civ.P. 76a. It is necessary to briefly state the procedural context of the case, but our recitation of the facts will therefore be kept to a minimum. Landmark Organization, L.P. sued Appellant's brother, Roberto Lerma.[1] Appellant, along with other attorneys, represented Roberto in the suit. After the case concluded, Appellant filed a petition in intervention because Roberto refused to pay the attorney's fees Roberto owed Appellant. Appellant hired Stewart Forbes to represent him in the arbitration of the dispute. The visiting judge assigned to hear the attorney's fee dispute severed Appellant's petition in intervention from cause number 2000–2579 and re-numbered the suit as cause number 2000–2579AF.

Arbitration took place in February 2002 and on March 12, 2002, the arbitrator granted Forbes's motion to withdraw. The arbitrator then entered a written arbitration award on March 29, 2002, and awarded Appellant $60,000 plus attorney's fees and expenses in the amount of $47,795.65. On June 13, 2002, the visiting judge entered judgment in accordance with the arbitration award. With the aid of a writ of garnishment, Appellant collected $55,000 on the judgment, but ironically, he refused to pay Forbes his attorney's fees. Consequently, Forbes filed a petition in intervention on January 31, 2003. Stating a suit on sworn account, breach of contract, equitable assignment, and constructive trust claims, Forbes alleged that his attorney's fees and expenses incurred in connection with the arbitration were $47,795.65 and that the arbitrator had awarded this sum to Appellant for Forbes's attorney's fees and expenses. Appellant had paid Forbes $21,000 on the balance owed but refused to pay the balance owed him.

Forbes filed a motion for summary judgment on February 26, 2003. The Honorable Linda Chew, Judge of the 327th District Court, entered an order generally granting summary judgment on June 9, 2003, but she did not rule on several pending motions, including Appellant's motion to strike the petition in intervention and Forbes's objections to Appellant's late-filed pleadings and summary judgment response. The June 6 order did contain a Mother Hubbard clause. Appellant filed a premature notice of appeal which this Court docketed as cause number 08–03–00310–CV. Forbes filed a motion to sever his claim against Appellant from the main case and enter judgment. Additionally, he requested that the trial court specifically rule on his objections to the late-filed pleadings and summary judgment responses as well as the other pending motions. Appellant also filed a motion asking the trial court to rule on his motion to strike

---

1. The suit, styled *Landmark Organization, L.P. v. Roberto Lerma,* cause number 2000–2579, was filed in the 327th District Court of El Paso County.

the petition in intervention. On August 13, 2003, the trial court signed orders sustaining Forbes's objections to Appellant's summary judgment responses, severing Forbes's cause of action from cause numbers 2000–2579 and 2000–2579AF, striking Appellant's late-filed pleadings, and denying the motion to strike the plea in intervention.[2] On this same date, the trial court entered a final judgment awarding Forbes $26,796.65 as the final amount due plus pre-judgment and post-judgment interest. Appellant timely filed a motion for new trial and later filed notice of appeal on November 24, 2003. We initially filed the second notice of appeal in cause number 08–03–00310–CV as an amended notice of appeal but Appellant complained, insisting that it should be docketed as a separate appeal because it involved a second judgment in the same cause number. Accordingly, we filed it in a separate appeal and assigned it cause number 08–03–00510–CV.[3]

Appellant filed a petition seeking mandamus relief on December 15, 2003 asking this Court to order the trial court to vacate or set aside the order denying Appellant's motion to strike intervention and to set aside the final summary judgment granted in favor of Stewart Forbes. On May 13, 2004, we ruled that Appellant had an adequate remedy by direct appeal and denied the mandamus relief.[4]

## II. *ISSUE ON REVIEW*

◼ Appellant has asserted one issue on review, complaining that "[t]he trial court's plenary jurisdiction had expired, such that

Judge Linda Y. Chew clearly erred in allowing Forbes to intervene, granting summary judgment and then entering a second order granting summary judgment and severing the case." We read this issue as a complaint that the trial court abused its discretion in allowing the post-judgment intervention and subsequent entry of summary judgment in favor of Appellee. We note for the record that while the issue as worded appears to challenge the trial court's granting of summary judgment in favor of Appellee and severance of the case, we observe that the complaint on the merits of the granting of the summary judgment is not briefed nor argued. Appellant's brief only challenges the plenary jurisdiction of the trial court and does not challenge the substantive granting of the summary judgment. Because that issue is not briefed nor argued, we consider it waived and do not address it.

◼ The brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." Tex.R.App. P. 38.1(g). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.,* 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro Petroleum Corp.,* 106 S.W.3d at 128. By presenting such attenuated, unsupport-

---

2. Forbes's cause of action was severed into cause number 2003–3431.

3. The appeals are cause numbers 08–03–00310–CV, styled *Eduardo Lerma v. Stewart Forbes,* and 08-03-00510-CV, 144 S.W.3d 18 (Tex.App.—El Paso 2004, no pet.), styled *Eduardo Lerma v. Stewart Forbes.* By separate opinion issued May 13, 2004, we have dismissed cause number 08–03–00510–CV and consolidated its record with cause number 08–03–00310–CV.

4. *In re Lerma,* 144 S.W.3d 21 (Tex.App.—El Paso 2004, orig. proceeding).

ed argument, Appellant waives his complaints. We do not, therefore, address that implied issue.

Turning to Appellant's issue that the expiration of the court's plenary jurisdiction prohibits the filing of the plea in intervention by Appellee, we note that we review the actions of the trial court for an abuse of discretion.

■ Intervention is permitted as a matter of right, "subject to being stricken out by the court for sufficient cause on the motion of any party." Tex.R. Civ. P. 60. Review of a trial court's order on a motion to strike intervention is subject to an abuse of discretion standard. *See Breazeale v. Casteel,* 4 S.W.3d 434, 436 (Tex. App.-Austin 1999, pet. denied); *Guaranty Fed. Savs. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990).

A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995). A reviewing court cannot conclude that a trial court abused its discretion if, in the same circumstances, it would have ruled differently or if the trial court committed a mere error in judgment. Instead, the test is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary and unreasonable. *Id.*

■ We agree with the Austin Court of Appeals in *Breazeale,* and recognize the unique situation created by the intervenor that has no complaint with the merits of the judgment obtained in the underlying lawsuit, but only seeks to protect his or her own interest in the post-judgment proceedings. We believe that post-judgment intervention is allowed where such is the case. *See Breazeale,* 4 S.W.3d at 436. Here, the issue of the trial court's plenary jurisdiction is irrelevant to our determination of whether the trial court should have granted Appellant's motion to strike Appellee's intervention. We agree that the decision of whether to allow the intervention or to strike the pleading was discretionary with the court and find no abuse in the court's decision to allow the intervention to be filed.

■ We note that Appellant's brief does not address the merits of why the denial of Appellant's motion to strike was an abuse of discretion. Appellant only argues that because the plenary jurisdiction of the court had expired before the January 31, 2003 plea in intervention was filed, this Court should overrule the trial court's decision below. His focus is solely on the expiration of the plenary judgment period as a bar to any further action by the trial court. We believe that the post-judgment filing of a plea in intervention to protect the interests of a party in the proceeds of a lawsuit was clearly contemplated by the legislature. Tex. Civ. Prac. & Rem.Code Ann. § 31.002(d) (Vernon Supp.2004–05).

We find no reason to hold that the decision of the trial court in allowing the filing of the post-judgment plea in intervention to protect Appellee's interest in the proceeds of the judgment was an abuse of discretion. Accordingly, we overrule Appellant's sole issue on appeal.

Because we have found that the trial court did not abuse her discretion in allowing the filing of the plea in intervention and having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court and deny as moot Appellant's motion to clarify.