Morris C. GORE, Appellant

v.

Eugene C. PECK, Randall May, Michael Miles, Lane McNamara, and Union Energy, Inc., Appellees.

No. 05–05–01649–CV.

Court of Appeals of Texas,
Dallas.

May 25, 2006.

Morris C. Gore, Glast, Phillips & Murray PC, Dallas, for Appellant.

Michael E. Rohde, How Frels Rohde Wodds & Duke, P.C., Dallas, for Appellees.

Before Chief Justice THOMAS and Justices MORRIS and WHITTINGTON.

## OPINION

Opinion by Chief Justice THOMAS.

Morris C. Gore brings this appeal complaining of an order denying his motion to modify an agreed order of dismissal and his motion in intervention. Because appellant is not a proper party to this appeal, we dismiss his appeal.

Appellant was the plaintiff's attorney in the underlying suit. Prior to judgment,

appellant withdrew as plaintiff's counsel. Subsequently, the parties settled their dispute, and the trial court signed an agreed order of dismissal. Twenty-nine days later, appellant filed a motion to modify the order and a motion in intervention seeking his fees and costs associated with representing plaintiff in this matter. The associate judge heard and denied the motion. Appellant filed a motion for reconsideration, and the associate judge withdrew her prior order and substituted a new order striking appellant's intervention and denying appellant's motion to modify judgment. Appellant then filed his notice of appeal on December 13, 2005.

 Once a final judgment has been entered, only parties of record may exercise the right of appeal. *Preston v. Am. Eagle Ins. Co.*, 948 S.W.2d 18, 20 (Tex. App.-Dallas 1997, no writ) (citing *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex.1987)). While any party may intervene by filing a pleading, subject to being stricken by the court for sufficient cause on the motion of any party, a petition in intervention must be made before judgment is rendered. *See First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984). Where the petition is filed after judgment, the intervenor does not become a party on the date of filing. *See State & County Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex.App.-Austin 1996, no writ). If filed after judgment, a petition in intervention may not be considered unless and until the judgment has been set aside. *White*, 682 S.W.2d at 252.

 In this case, the trial court did not set aside the judgment, but instead struck appellant's motion to intervene. Thus, appellant, who filed an untimely plea in intervention after judgment, was never a party and cannot appeal the judgment or dismissal of his plea. *Johnston v. Crook*, 93 S.W.3d 263, 268–69 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

Upon reviewing this case, we questioned whether appellant had standing to pursue this appeal, and we requested that he submit briefing on this issue. In response to our request, appellant submitted a letter brief arguing that he has standing to appeal this case because his postjudgment intervention was proper and timely. He cited us to *Breazeale v. Casteel*, 4 S.W.3d 434 (Tex.App.-Austin 1999, pet. denied) and *Lerma v. Forbes*, 166 S.W.3d 889 (Tex. App.-El Paso 2005, pet. denied) for the proposition that postjudgment intervention is timely when the intervenor does not seek to attack the substance of the final judgment. He argued that he was not attacking the substance of the final judgment by seeking his attorney's fees incurred in the case.

We have previously distinguished *Breazeale* in a case with facts similar to the one before us. *See Malone v. Hampton*, 182 S.W.3d 465, 469 (Tex.App.-Dallas 2006, no pet.). In *Malone*, we concluded that *Breazeale* did not apply because the postjudgment intervenor was in fact seeking to attack the substance of the final judgment. As in this appeal, *Malone* involved a lawsuit in which the attorney representing one of the parties withdrew before judgment was entered. *Id.* He then sought to intervene after judgment was entered to obtain his attorney's fees incurred in the case. *Id.* We concluded that seeking attorney's fees for services rendered was a part of the divorce suit, and therefore, Malone was seeking to alter the underlying judgment in the case. *Id.* Thus, *Breazeale* did not apply. *Id.* Similarly, in this case, appellant is seeking his attorney's fees incurred in representing appellee in the underlying suit. Therefore, he

is seeking to alter the underlying judgment, and *Breazeale* does not apply.[1]

Because appellant did not timely file his plea in intervention and the trial court did not set aside the judgment, he was not a party to the suit and does not have standing to pursue this appeal. *See Johnston,* 93 S.W.3d at 268–69. Accordingly, we dismiss this appeal for want of jurisdiction.

---

1. Appellant also relied on *Lerma v. Forbes.* In *Lerma,* the El Paso Court of Appeals held that an attorney seeking his fees in a post-judgment intervention does not challenge the merits of the judgment; therefore, a post-judgment intervention is timely and proper. *See Lerma,* 166 S.W.3d at 893. However, because *Lerma* conflicts with our decision in *Malone v. Hampton,* we decline to follow it.