Dismissed and Memorandum Opinion filed November 15, 2007








Dismissed
and Memorandum Opinion filed November 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00523-CV

____________

 

BARNEY L. McCOY, Appellant

 

V.

 

NORTH FOREST INDEPENDENT SCHOOL
DISTRICT

and JANICE JACKSON, Appellees

 



 

On Appeal from the County Civil
Court at Law No. 3

Harris County, Texas

Trial Court Cause No.
720325

 



 

M E M O R
A N D U M   O P I N I O N

Barney
L. McCoy attempts to appeal from an order signed March 20, 2007, denying his
motion to reinstate the underlying case, in which an order of non-suit was
signed May 24, 2001.  McCoy filed a motion for rehearing of the denial of his
motion to reinstate, and he filed a notice of appeal on June 13, 2007.  We
dismiss the appeal for want of jurisdiction.








Janice
Jackson filed suit against the school district seeking judicial review of a
final decision of the Texas Workers= Compensation Commission.  McCoy was
Jackson=s attorney.  Pursuant to a settlement
agreement, Jackson moved to non-suit the school district, and the trial court
signed an order of non-suit on May 24, 2001.  On March 1, 2007, McCoy, as a AParty in Interest,@ moved to reinstate the case,
claiming the school district refused to honor the settlement because the
underlying judgment is void.  Section 410.258(a) of the Texas Labor Code
requires any proposed judgment or settlement to be mailed to the executive
director of the Workers= Compensation Commission at least 30 days before the judgment
is entered.  It is undisputed that the proposed judgment was not sent to the
director in this case.  Section 410.258(f) provides that A[a] judgment entered or settlement
approved without complying with the requirements of this section is void.@  Tex.
Lab. Code Ann. ' 410.258(f).  

Because
it appeared from the record that this court lacks jurisdiction to consider an
appeal from a case in which a non-suit was signed in 2001, we notified the
parties of our intention to dismiss the appeal for want of jurisdiction unless
McCoy filed a response demonstrating both our jurisdiction over this appeal and
his standing to bring the appeal as an AInterested Party.@  See Tex. R. App. P. 42.3(a).  McCoy=s response fails to demonstrate that
this court has jurisdiction over the appeal.

As to
his standing to bring this appeal, McCoy asserts that Jackson=s current attorney gave his
permission, on Jackson=s behalf, for him to pursue having the trial court set aside its
void judgment.  McCoy was not a party to the suit and does not have standing to
pursue this appeal.  See Gore v. Peck, 191 S.W.3d 927, 929 (Tex. App.CDallas 2006, no pet.); Johnston v.
Crook, 93 S.W.3d 262, 268-69 (Tex. App.CHouston [1st Dist.] 2002, pet.
denied).  








On the
jurisdictional question, McCoy cites to Metropolitan Transit Authority v.
Jackson, for the proposition a trial court may set aside its void
judgment at any time.  212 S.W.3d 797, 802 (Tex. App.CHouston [1st Dist.] 2006, pet.
denied).  We respectfully disagree with our sister court.  The Texas Supreme
Court explicitly disapproved of the proposition that Aif a judgment rendered by a trial
court is void it may be set aside by that court at any time.@ Middleton v. Murff, 689
S.W.2d 212, 213 (Tex. 1985).  After the time has passed to timely file a motion
for new trial or regular appeal, the exclusive means by which parties can
challenge a final judgment based on an allegation that it is void are by filing
a writ of error (now restricted appeal) or by filing a bill of review.  McEwen
v. Harrison, 345 S.W.2d 706, 709‑11 (Tex. 1961);  Skadden v.
Alfonso, 217 S.W.3d 611, 619 (Tex. App.CHouston [14 Dist.] 2006, pet.
filed).  

In its
response, the school district agrees that the May 24, 2001, judgment is void
for failure to comply with section 410.258 of the Labor Code.  It contends,
however, that the notice requirement in the Labor Code is a statutory
prerequisite and failure to comply did not deprive the trial court of
jurisdiction.  See Dubai Pet. Co. v. Kazi, 12 S.W.3d 71, 71 (Tex.
2000).  Even a void judgment can become final for the purposes of appeal.  See
Newsom v. Ballinger I.S.D., 213 S.W.3d 375, 380 (Tex. App.CAustin 2006, no pet.);  In re
Vlasak, 141 S.W.3d 233, 238 (Tex. App.CSan Antonio 2004, orig. proceeding). 


The May
24, 2001, judgment is final.  McCoy=s motion to reinstate was untimley. 
The trial court=s order denying McCoy=s untimely motion to reinstate the
case is not a separately appealable order from which the appellate timetable is
calculated.  See Weik v. Second Baptist Church, 988 S.W.2d 437, 438 (Tex.
App.CHouston [1st Dist.] 1999, pet.
denied) (holding that deadline for perfecting appeal runs from date of
dismissal order, not from date of trial court=s ruling on motion to reinstate); Overka
v. Bauri, No. 14‑06‑00083‑CV, 2006 WL 2074688, at *1
(Tex. App.CHouston [14 Dist.] July 27, 2006, no pet.) (mem. op.) (order denying
motion for new trial is not appealable).  Therefore, the notice of appeal was
filed too late to appeal the judgment in this case.

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

Judgment rendered and Memorandum Opinion filed
November 15, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.