**Reversed and Remanded and Memorandum Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00027-CV

---

**ALLEN PARKER COMPANY, Appellant**

**V.**

**TRUSTMARK NATIONAL BANK, Appellee**

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 06-DCV-151975**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from both the trial court's refusal to consider Allen Parker Company's (APC) petition in intervention and its order granting Trustmark National Bank's motion to withdraw funds from the registry of the court. APC argues the trial court abused its discretion in making both rulings, and further argues it is not bound by a default judgment against its predecessor in interest. We reverse and remand.

The procedural history at the trial court is complicated, but the facts relevant to this appeal are relatively simple. On September 12, 2006, the plaintiffs, who are not parties to this appeal, filed a petition for partition and forced sale of certain real property

located in Fort Bend County. APC was not a party to that case. The petition provided, in part, that "J. Kelly Joy appears of record to be the owner and holder of a judgment lien in the amount of $282,085.00, filed on March 26, 2003," against one of the owners of the real property to be partitioned and sold. In fact, however, Joy had assigned his judgment lien to APC on February 13, 2006, though APC concedes the assignment was never properly filed in the Fort Bend County real-property records.

On June 8, 2007, the trial court granted the plaintiffs' petition for partition and forced sale and appointed a receiver to oversee the sale and deposit the sale proceeds into the registry of the court. On July 2, the trial court issued a "Final Judgment and Order Granting Severance" in which, among other things, it found Joy to be a non-answering party, entered default judgment against him, and severed his dispute from the ongoing dispute between the plaintiffs and the answering parties. The trial court explicitly provided that "this Judgment finally disposes of the claims between Plaintiffs and the Non-Answering Parties and is appealable."

The court-appointed receiver deposited a total sum of $639,262.09 into the court registry. After several payments made in accordance with the trial court's orders, $170,070.74 remained in the court registry as of December 14, 2010. On that date, Trustmark filed a motion to withdraw the remaining funds from the registry toward payment of its lien of $208,894.16 against the property. This motion was scheduled for hearing at 9 a.m. on December 17. At 8:25 a.m. on that date, APC filed a petition in intervention, objections to Trustmark's motion, and APC's own motion to withdraw the remaining funds. APC claimed it had been unaware of the court proceedings until Trustmark filed its December 14 motion to withdraw funds, but conceded that Richard L. Fuqua, the lead counsel listed on the petition in intervention, was notified on June 12, 2007, of the trial court's decision to grant the plaintiffs' petition for partition and forced sale. APC argued that Fuqua was not representing APC when he received that notice and that it would be improper to impute to APC any knowledge Fuqua had before he was hired to represent it. After a short hearing, the trial court declined to disturb its order

2

severing the non-answering parties and granted Trustmark's motion to withdraw the remaining funds. This appeal followed.

The Texas Rules of Civil Procedure authorize intervention: "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60. The trial court has broad discretion in determining whether to strike an intervention. *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 247 (Tex. App.—Houston [14th Dist.] 2011, no pet.). After a party files a motion to strike, the burden shifts to the intervenor to show a justiciable interest in the lawsuit. *Id.* The interest an intervenor asserts may be legal or equitable in nature. *Id.* A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. *Id.* However, where the petition is filed after a final judgment, the Supreme Court has held that Rule 60 does not apply. *Comal Cnty. Rural High Sch. Dist. No. 705 v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958). This is because the right to intervene is given in furtherance of a speedy disposition of suits and to prevent multiplicity of actions. *See St. Paul Ins. Co. v. Rahn*, 586 S.W.2d 701, 703 (Tex. Civ. App.—Corpus Christi 1979, no writ).

Once a final judgment has been entered, only parties of record may exercise the right of appeal. *Gore v. Peck*, 191 S.W.3d 927, 928 (Tex. App.—Dallas 2006, no pet.). While any party may intervene by filing a pleading, subject to being stricken by the court for sufficient cause on the motion of any party, a petition in intervention must be made before judgment is rendered. *Id.* Where the petition is filed after judgment, the intervenor does not become a party on the date of filing. *Id.* If filed after judgment, a petition in intervention may not be considered unless and until the judgment has been set aside. *Id.*

We review a trial court's order striking a plea in intervention under an abuse-of-discretion standard. *Guniganti*, 346 S.W.3d at 247. Ordinarily, a trial court does not abuse its discretion by denying a motion to intervene after the court has rendered a final judgment. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 725 (Tex. 2006).

3

Trustmark urges us to conclude that the order of July 2, 2007, was a final judgment and that, because the trial court refused to disturb that judgment, APC has no standing on appeal. We do conclude that the order was a final judgment, but our determination does not affect APC's standing in this suit.

A severance order itself is not a final judgment, but it may result in a final judgment. *Beckham Group, P.C. v. Snyder*, 315 S.W.3d 244, 245 (Tex. App.—Dallas 2010, no pet.). When a suit is severed, two or more independent lawsuits result with their own final appealable judgments. *Id.* When a severance and any simultaneous orders collectively dispose of all claims between two parties, there is a final judgment for purposes of appeal. *Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008). This is true even where the severance order does not constitute a final order for the original cause. *Harris Cnty. Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam).

In this case, the order of July 2, 2007, disposed of all claims between the plaintiffs and the non-answering parties, including Joy. Because it was a final judgment, APC would have been unable to intervene in the severed cause. However, APC attempted to intervene in the main cause, where there could not have been a final judgment until the trial court allowed Trustmark to withdraw the remaining funds from the registry on December 17, 2010. In the absence of a motion to strike, the trial court abused its discretion by refusing APC's petition in intervention. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *Schwartz v. Taheny*, 846 S.W.2d 621, 622 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

To affect APC's standing, Trustmark's assertion that the order of July 2, 2007, applies to APC must be construed as an argument that the judgment against Joy deprives APC of a justiciable interest in the proceeds because APC is a assignee of Joy. We take no position on this question of substance; it is simply not a basis to prevent APC from the opportunity to present the claim through intervention. Thus, in the absence of a final judgment, the trial court abused its discretion in striking APC's petition in intervention.

\* \* \*

For the foregoing reasons, we reverse and remand for further proceedings in accordance with this opinion.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Brown, Boyce, and McCally.