**Opinion issued April 2, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01071-CV

———————————

## JULIA A. MALDONADO AND J. MALDONADO LAW FIRM, P.C., Appellants

## V.

## MARIA D. ROSARIO AND LOUGHLON QUINN, Appellees

---

### On Appeal from the 387th District Court
### Fort Bend County, Texas
### Trial Court Cause No. 11-DCV-193223

---

## MEMORANDUM OPINION

Appellants, Julia A. Maldonado and the J. Maldonado Law Firm, P.C., attempt to challenge the trial court's judgment in a divorce proceeding in which appellee, Maria Rosario, filed a petition for divorce against appellee, Loughlon

Quinn. Maldonado originally represented Rosario in the suit, but withdrew from representation and attempted to intervene in order to collect attorney's fees. Quinn has moved to dismiss the appeal on the ground that Maldonado and the J. Maldonado Law Firm are not proper parties to this appeal. He also asserts that the appeal is frivolous and he is entitled to sanctions. We dismiss the appeal.

### Factual and Procedural Background

On September 26, 2011, Rosario, represented by Fred Krasny, filed a petition for divorce against Quinn. On December 9, 2011, Maldonado moved to substitute in for Krasny and represent Rosario, and Krasny was permitted to withdraw.

Rosario and Quinn, on July 12, 2012, entered into a "Binding Mediated Settlement Agreement," which is not subject to revocation, and in which it's agreed that either party is entitled to judgment on their agreement. The agreement is signed by Rosario, Quinn, Quinn's counsel, and Maldonado, as counsel for Rosario.

The trial court held a hearing on July 13, 2012 regarding the mediated settlement agreement. During the hearing, Maldonado called Rosario as a witness. Rosario testified that she and Quinn entered into the mediated settlement agreement and she had entered into an agreement with Maldonado regarding the payment of her attorney's fees. At the conclusion of the hearing, the trial court

2

stated: "[I]n view of the testimony presented, and I have reviewed your Mediated Settlement Agreement, the Court will accept these agreements. This divorce is granted. We'll set entry for two weeks." The trial court then requested that Maldonado provide the court with a proposed written decree, and it made a docket entry stating, "MSA, divorce granted, entry 7/26."

On July 30, 2012, Maldonado filed a motion to withdraw from representation, which the trial court granted on August 14, 2012. On that same day, Maldonado filed a petition in intervention, seeking recovery of attorney's fees. She then filed a "Motion in Opposition of Entry of Proposed Decree and Qualified Domestic Relations Order" on August 21, 2012. The trial court signed the "Final Decree of Divorce" on August 22, 2012, and Maldonado moved for a new trial on August 31, 2012. Both Quinn and Rosario filed motions to strike Maldonado's petition in intervention, which the trial court granted on September 19, 2012.

**Standing**

In his "Motion to Dismiss Appeal for Lack of Jurisdiction," Quinn argues that Maldonado lacks standing to pursue an appeal and this Court lacks jurisdiction over this attempted appeal because her petition in intervention was untimely and she never became a party in the case. Quinn requests dismissal of the appeal, assessment of costs against Maldonado, and assessment of damages for filing a

3

frivolous appeal against Maldonado. In their response, Maldonado and the J. Maldonado Law Firm argue that they are proper parties to this appeal because the trial court's oral pronouncement indicated an intent to approve the settlement agreement and did not render final judgment. They assert that they timely filed the petition in intervention before the trial court entered final judgment by signing the written divorce decree.

Generally, only parties of record may appeal from a trial court's judgment, and non-parties who have not properly intervened in the trial court lack standing to appeal. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965); *In re S.J.*, No. 14-11-00142-CV, 2011 WL 2150586, at *1 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.); *State v. Naylor*, 330 S.W.3d 434, 438 (Tex. App.—Austin 2011, pet. filed); *Cent. Mut. Ins. Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *see also* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal *by any party* invokes the appellate court's jurisdiction." (emphasis added)). And, because standing is a component of subject-matter jurisdiction, we lack jurisdiction over appeals brought by persons or entities that lack standing. *See M.D. Anderson Cancer Ctr. V. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Sosa v. Koshy*, 961 S.W.2d 420, 424 (Tex. App.—Houston [1st Dist] 1997, writ denied); *Reynolds v. Reynolds*, 860 S.W.2d 568, 570–71 (Tex. App.—Dallas 1993, writ denied).

"A plea in intervention in the principal suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered." *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ). Nevertheless, to become a party for purposes of appeal, an intervenor must timely file a pleading in intervention which is not stricken before the entry of final judgment. *See Citizens State Bank of Sealy, Tex. v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984); *Gore v. Peck*, 191 S.W.3d 927, 928 (Tex. App.—Dallas 2006, no pet.); *Johnston v. Crook*, 93 S.W.3d 263, 268 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Beach v. Beach*, 912 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ). Therefore, if Maldonado and the J. Maldonado Law Firm timely intervened in the suit, then they would be parties with standing to appeal, and we would have jurisdiction over the appeal. *See Serna*, 908 S.W.2d at 491, 492. But if they did not timely intervene, then they would lack standing and we would have no subject-matter jurisdiction. *See Naylor*, 330 S.W.3d at 438; *Gore*, 191 S.W.3d at 928, 929.

With limited exceptions,[1] a plea in intervention filed after final judgment has been rendered is not timely and may not be considered unless the judgment is set

---

[1] This case involves neither the "virtual-representation" doctrine nor a situation in which a subrogee's interests were adequately represented and then suddenly abandoned by someone else. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (discussing exception for subrogee whose interests have been abandoned); *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 725 (Tex. 2006)

aside. *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008); *Caney Invs.*, 746 S.W.2d at 478; *White*, 682 S.W.2d at 252; *Naylor*, 330 S.W.3d at 438; *Johnston*, 93 S.W.3d at 268; *Beach*, 912 S.W.2d at 347; *Dunker*, 799 S.W.2d at 336. "Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995); *see Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970) (quoting *Coleman v. Zapp*, 151 S.W. 1040, 1041 (Tex. 1912); *Knox v. Long*, 257 S.W.2d 289, 292 (Tex. 1953)). Once a divorce is granted by an oral pronouncement in which the trial court finally adjudicates the rights of the parties, then entry of a written judgment is purely a ministerial act. *See Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969); *In re Marriage of Joyner*, 196 S.W.3d 883, 886 (Tex. App.—Texarkana 2006, pet. denied).

Here, the trial court stated at the July 13, 2012 hearing that it accepted the mediated settlement agreement and the "divorce [was] granted." By officially pronouncing its decision in open court, in which it granted the divorce and approved the parties' mediated settlement agreement, the trial court decided all of the outstanding issues upon which its ruling was made, thereby rendering a final judgment of divorce which necessarily incorporated the terms of the binding

(discussing virtual representation); *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754–55 (Tex. 2003) (discussing virtual representation and stating that most important consideration is whether appellant is bound by judgment).

mediated settlement agreement. *See Dunn*, 439 S.W.2d at 833; *Joyner*, 196 S.W.3d at 885–86, 887, 889–91, 892; *Giles v. Giles*, 830 S.W.2d 232, 237 (Tex. App.—Fort Worth 1992, no writ); *see also* TEX. FAMILY CODE ANN. § 6.602(b), (c) (West 2006). Thus, the trial court rendered judgment in this case on July 13, 2012.

Maldonado and the J. Maldonado Law Firm did not file their petition for intervention until August 14, 2012, after the trial court had pronounced judgment. Because Maldonado and the J. Maldonado Law Firm did not timely intervene in this case and the trial court did not abuse its discretion in striking their intervention, they have no standing to appeal from the trial court's judgment. *See Naylor*, 330 S.W.3d at 438; *Gore*, 191 S.W.3d at 928, 929. Accordingly, we have no jurisdiction over this appeal.

### Frivolous Appeals

Quinn argues that the appeal is frivolous because Maldonado (1) knows that Rosario must pay her attorney's fees, (2) should know that her attempt to intervene was untimely, and (3) had no need to intervene because she has a right to recover against Rosario independent of the divorce proceedings.

An appellate court may award damages to a prevailing party for "frivolous" appeals. TEX. R. APP. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We apply an objective test when determining whether an appeal is frivolous, reviewing the record from the

advocate's viewpoint and asking whether the advocate had reasonable grounds to believe the judgment could be reversed. *See Mailhot*, 124 S.W.3d at 778. We exercise prudence and careful deliberation before awarding appellate sanctions. *See id.*

Although Maldonado and the J. Maldonado Law Firm's petition in intervention was untimely, it was filed prior to the date the trial court signed the final divorce decree. *Cf. James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (holding trial court's statement that court was "going to grant" divorce and request for final divorce decree was insufficient to show present rendition of judgment, so that oral pronouncement did not constitute rendering of judgment). Further, "[a] plea in intervention in the principal suit is an appropriate vehicle by which a discharged attorney may recover fees for services rendered." *Serna*, 908 S.W.2d at 491. Therefore, we decline to conclude that this attempted appeal is frivolous. We deny Quinn's request for damages for a frivolous appeal.

### Conclusion

We dismiss this appeal for want of jurisdiction. *See Black v. Franklin Serv. Stations, Inc.*, No. 03-11-00069-CV, 2011 WL 4507335, at *2 (Tex. App.—Austin Sept. 30, 2011, pet. denied); *Gore*, 191 S.W.3d at 929; *Dunker*, 799 S.W.2d at 336. We deny Quinn's request for damages and we dismiss all other pending motions as moot.

8

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.