**Reverse and Remand and Opinion Filed August 30, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00696-CV

### DAVID DIAZ, SCOTT FISHER, AND KRISTI FISHER, Appellants
### V.
### SMS FINANCIAL CAP, LLC, CAPITAL ONE, NATIONAL ASSOCIATION, STEPHEN F. PERKINS, AND CHRISTOPHER FITZWATER, Appellees

### On Appeal from the 199th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-00653-2011

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

This case involves an interlocutory appeal and a related petition for a writ of mandamus.[1] In the interlocutory appeal, appellants David Diaz, Scott Fisher, and Kristi Fisher argue the trial court erred by granting appellees' motion to strike appellant Diaz's motion to vacate the trial court's turnover order appointing appellee Chirstopher Fitzwater as receiver. They also argue the trial court erred by alternatively denying the motion to vacate the order appointing Fitzwater receiver.

---

[1] We previously consolidated the mandamus petition proceeding into this cause.

In the petition for writ of mandamus, relators Scott Fisher and Kristi Fisher argue the trial court abused its discretion by rendering a turnover order against them. For reasons explained below, we reverse the trial court's order striking Diaz's motion to vacate and its order denying Diaz's motion to vacate, and we conditionally grant the writ of mandamus sought by the Fishers.

## I.     Background

The 199th District Court entered a final judgment on May 23, 2011, in favor of Capital One against Stephen Perkins, PS Royal Self Storage, and GP Royal Self Storage for $2,428,227.83 plus attorney's fees. On October 14, 2013, Capital One assigned its interest in the judgment to SMS Financial (SMS).

Matthew Tadlock announced himself as lead counsel for SMS on August 13, 2019. The same day, SMS filed a post-judgment application for turnover relief and appointment of receiver against PS Royal, GP Royal, and Stephen Perkins. The application stated SMS's judgment remained unsatisfied and the defendants had non-exempt property. SMS requested the trial court appoint a receiver—Christopher Fitzwater—under § 31.002(b)(3) of the civil practice and remedies code and to order the defendants to turn over all non-exempt property to the receiver. Attached to the application was the final judgment in favor of Capital One.

On August 13, 2019, at the hearing on the application for appointment of receiver, Tadlock appeared for SMS and no other parties appeared. No evidence was presented to the trial court. The court announced it would grant the requested

–2–

fees of $1,500 for preparing the application and would appoint Fitzwater receiver at the negotiated rate of $200 per hour.

The trial court signed an order on September 25, 2019, granting SMS's application, finding that the defendants owned non-exempt property, and appointing Fitzwater receiver. The order stated Fitzwater had the power and authority to take possession of and sell all leviable property of the defendants, and it ordered each defendant to turn over to Fitzwater within five days of a request "all documents and financial records which may be requested" by him and "all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of each defendant." Each defendant was required to identify and turn over to Fitzwater all interests of each defendant in any business or venture and all agreements and other documents pertaining to the business or venture within five days of each defendant's receipt of a copy of the order. Each defendant had a continuing obligation to turn over to Fitzwater, except for paychecks for current wages and social security income, all checks, cash, securities, promissory notes, documents of title, and contracts within three days of each defendant's receipt and possession of any such property. The order further specified certain other rights and powers Fitzwater had with respect to the defendants' property.

On December 18, 2019, Fitzwater filed a notice of appearance that Tadlock, counsel for SMS, would also represent Fitzwater.

Fitzwater filed his first report on February 4, 2021. Among other things, Fitzwater noted he learned David Diaz was appointed on June 18, 2020, as receiver by the 219th District Court of Collin County in Cause No. 219-01665-2014 relating to Scott and Kristi Fisher's judgment against Perkins and two corporate entities. Fitzwater argued he and the 199th District Court had "exclusive possession and custody of the non-exempt assets of judgment debtor Stephen Perkins due to being first in time." Fitzwater learned Diaz sold a Perkins property, yielding $49,097, despite there being five judgments senior to the Fishers' judgment. The net proceeds were then distributed to the Fishers ($31,545.75) and to Diaz ($17,551.25). Fitzwater argued the sale of the property was void and the cash transfers were void.

At the same time he filed his report, Fitzwater filed an application for temporary restraining order, temporary injunction, and permanent injunction against Diaz. Fitzwater alleged that, on January 26, 2021, he demanded Diaz turn over all assets and cash seized or recovered from his activities as receiver within five days, and he sent Diaz a copy of the 199th District Court's order appointing Fitzwater receiver. Fitzwater alleged that despite this demand, Diaz filed a receiver's report of sale, seeking to sell another Perkins property and listed it for sale on January 28, 2021. Fitzwater argued that, because his receivership was first in time, Diaz's unauthorized transfers were void. Accordingly, Fitzwater requested Diaz be restrained from acting as receiver of assets of the judgment debtors in circumvention of the 199th court's order establishing Fitzwater as receiver and from "seizing,

–4–

transferring, selling, disbursing or otherwise disposing of assets and cash belonging to the Receivership Estate[.]" Fitzwater specifically sought to restrain Diaz from selling the additional Perkins property.

The trial court granted Fitzwater's application for a temporary restraining order and set a date for a hearing on the temporary injunction.

On February 5, 2021, Fitzwater filed a motion to compel turnover from Diaz, arguing that, because Diaz was appointed nine months after Fitzwater was appointed receiver, "any transfer of the judgment debtor's non-exempt property that was not authorized by the [199th] court or [Fitzwater] is void." Fitzwater argued that, "[u]nder the Turnover Receivership Order and Section 31.002" of the civil practice and remedies code, he was entitled to the turnover of assets as demanded. Fitzwater filed a motion to compel turnover from the Fishers for the same reasons stated above, arguing "the proceeds of a void transaction were delivered to the Fishers as a result of an interfering receiver David Diaz[.]"

Fitzwater also filed a notice of prior-appointed receiver in the 219th District Court, notifying the court and the parties of his senior receivership estate. He "made demand upon Diaz for the turnover of any and all assets of the defendants pursuant to the receivership order." He made demand upon the Fishers for the turnover of all assets of the defendants, particularly the $31,545.75 of proceeds from the sale of the property.

On February 22, 2021, Diaz filed, in the 199th District Court, intervenor's emergency motion to vacate the order appointing Fitzwater receiver and to disqualify him. Diaz argued SMS failed to present any evidence to support the elements required for a valid turnover and receivership. Thus, he argued, Fitzwater's actions against Diaz were "improper and unauthorized." Diaz requested that the receivership order in the case be vacated. Diaz further argued SMS failed to present any evidence of Fitzwater's qualifications to be appointed receiver, and that Fitzwater was not a disinterested party given his relationship with SMS's counsel. Diaz contended Fitzwater was thus disqualified and the receivership order should be vacated. The Fishers filed a motion in support of Diaz's motion to vacate the receivership.

SMS and Perkins—plaintiff and defendant in the underlying cause—filed a joint motion to strike Diaz's motion to vacate the receivership in which they argued the motion should be struck "because it was filed after the judgment was rendered and after the Receivership Order was entered, and the judgment has not been set aside and the Receivership Order was not appealed." They further argued Diaz had no justiciable interest in the controversy as he represented the 219th District Court, not himself. They made the same arguments against the Fishers, noting that "as third party creditors, the Fishers have no justiciable interest in the suit." SMS and Perkins also argued the trial court had no jurisdiction to consider a challenge to the receivership because it was a final order and was not appealed.

–6–

Diaz responded in opposition and made four arguments. First, he argued SMS and Perkins waived their jurisdictional and standing complaints by voluntarily joining Diaz when they filed an application for injunctive relief against him and then, later, a motion to compel turnover from Diaz. Relatedly, Diaz argued that, as a result of being joined, he was properly before the court, had standing to assert his claims and defenses, and the trial court had jurisdiction over Diaz. Second, in response to the contention that his intervention was untimely, Diaz argued an exception to the general rule regarding timeliness applied because he was not attacking the judgment but seeking to protect his interest in property that is the subject of a turnover motion. Third, Diaz argued he necessarily had a justiciable interest in the controversy as receiver because the parties had competing claims to the property sought by Fitzwater. Thus, he was "intervening in order to protect and defend his interest in the property as the court-appointed receiver from the 219th District Court." Further, he pointed out, the motion to compel and application for injunctive relief were filed against him. Finally, Diaz argued Perkins was judicially estopped from taking the position he took in the motion to strike because, in the proceedings in the 219th District Court, he supported the post-judgment intervention of a third party to vacate or amend the receivership order.

On March 1, 2021, the trial court heard the motions to strike and vacate. The trial court granted Fitzwater's motion to compel turnover from the Fishers on May 26, 2021. Two months later, the trial court granted the joint motion to strike Diaz's

motion to vacate the receivership, and it also denied Diaz's motion to vacate the receivership.[2]

The Fishers subsequently filed a petition for mandamus seeking to reverse the trial court's order granting Fitzwater's motion to compel turnover against them. And Diaz and the Fishers appealed the trial court's orders granting the motion to strike their motion to vacate the receivership and denying their motion to vacate the receivership. Both the petition for mandamus and the interlocutory appeal are before us here.

## II. Petition for writ of mandamus

In their petition for writ of mandamus, the Fishers contend the trial court abused its discretion by ordering them—non-judgment debtors—to turn over property. A party is entitled to relief by mandamus if it shows (1) the trial court clearly abused its discretion and (2) it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex. 2004) (orig. proceeding). The turnover statute was enacted to expand procedures through which judgment creditors could reach the property of their debtors. *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 438 (Tex. App.—San Antonio 1994, no writ). It authorizes a trial court to (1) "order the judgment debtor to turn over nonexempt property that is *in the debtor's possession or is subject to the debtor's control*,

---

[2] We construe the order denying the motion to vacate as the trial court's alternative ruling to its order granting the motion to strike.

together with all documents or records related to the property, to a designated sheriff or constable for execution;" (2) "otherwise apply the property to the satisfaction of the judgment"; or (3) "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 31.002(b) (emphasis added). Turnover proceedings are limited to their "purely procedural nature"; the turnover statute may not be used "to determine parties' and non-judgment debtors' substantive rights." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 583 (Tex. 2018). Though some cases "view intervention as a proper method for a third party to protect its rights in a turnover proceeding, none go as far as holding that intervention enables a court to adjudicate third-party rights in what is otherwise a purely procedural device." *Id*. at 585. "[T]he turnover statute has no provision conferring authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding, let alone the rights of strangers to the underlying judgment." *Id*. The statute "does not create a right in the judgment creditors and debtors to initiate and incorporate in the proceedings an entirely different lawsuit against a third party who is not a part of the original judgment." *Kothmann v. Cook*, 113 S.W.3d 471, 475 (Tex. App.—Amarillo 2003, no pet.); *see also Elgohary v. Herrera Partners, L.P.*, No. 01-13-00193-CV, 2014 WL 2538556, at *4 (Tex. App.— Houston [1st Dist.] June 5, 2014, no pet.) (mem. op.). Instead, "[t]he purpose of the

–9–

turnover proceeding is merely to ascertain whether or not an asset is in the possession of the judgment debtor or subject to the debtor's control." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991).

Here, the trial court ordered the Fishers to turn over "all assets demanded turned over under the January 26, 2021, Receiver's Demand." According to the demand, those were "any assets, including all cash and accounts, seized by Mr. Diaz from the Judgment Debtors" because they "belong in the custody of the court under the prior-established receivership"; the demand required "those assets [ ] be turned over to [Fitzwater], including anything paid to you from Mr. Perkins or from the sale or seizure of Mr. Perkins' assets after September 25, 2019[.]"

We conclude the trial court's order was not authorized by the turnover statute. *See* TEX. CIV. PRAC. & REM. CODE § 31.002. The Fishers were third parties, not part of the original judgment, and it is undisputed that the assets ordered to be turned over were not in Perkins's possession or subject to his control. Thus, in ordering the Fishers to turn over assets pursuant to the turnover statute, the trial court "enlarge[d] the turnover statute's scope beyond the procedural vehicle contemplated by the legislation." *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, no writ); *see also Cravens, Dargan & Co. v. Peyton L. Travers Co., Inc.*, 770 S.W.2d 573, 576–77 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

In reaching this conclusion, we find that SMS and Fitzwater's argument that the Perkins property was *in custodia legis* is misplaced. They argue the proceeds from the sale of the Perkins property in question belonged to the 199th District Court receivership because it was created before the 219th District Court receivership, and that the turnover order was therefore properly rendered to secure the sale proceeds from the Fishers. *See M&E Endeavours LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.) (mem. op.) ("Once a turnover order appointing a receiver is signed, all of the judgment debtor's non-exempt property becomes property in custodia legis."). But this question is beside the point before us, which is whether the trial court erred in ordering the Fishers to turn over money to Fitzwater pursuant to the turnover statute. Put simply, the turnover statute cannot be used as it was here because "Texas courts do not apply the turnover statute to non-judgment debtors." *In re deShetler*, No. 09-17-00031-CV, 2017 WL 1173811, at *4 (Tex. App.—Beaumont Mar. 30, 2017, orig. proceeding) (mem. op.); *see also In re Karlseng*, No. 05-14-00049-CV, 2014 WL 1018321, at *3 (Tex. App.—Dallas Feb. 12, 2014, orig. proceeding) (mem. op.) (concluding turnover statute could not be used to compel non-party wife to turn over money the receiver argued was judgment-debtor husband's income). Accordingly, we conclude the trial court clearly abused its discretion by ordering the Fishers to turn over assets to Fitzwater.

We also conclude the Fishers have no adequate remedy by appeal. Relators argue they have no adequate remedy by appeal because they could be subject to contempt proceedings if they fail to turn over property to Fitzwater and because they cannot be required to post a supersedeas bond to delay the order's enforcement. We agree. Mandamus relief is appropriate when a trial court issues a turnover order jeopardizing assets of a non-judgment debtor. *In re Alsenz*, 152 S.W.3d 617, 620 (Tex. App.—Houston [1st Dist.] 2004) (orig. proceeding); *see also In re deShetler*, 2017 WL 1173811, at *4. We observed in *In re Karlseng* that, while a "supersedeas bond is security for delay in enforcing the judgment against the judgment debtor[,]" a non-judgment debtor "cannot be required to supersede the judgment to prevent execution against her assets." 2014 WL 1018321, at *2.

Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its May 26, 2021, Order Granting Receiver's Motion to Compel Turnover from Scott Fisher and Kristi Fisher.

### III. Interlocutory appeal

In the interlocutory appeal before us, appellants argue the trial court erred by granting the motion to strike Diaz's motion to vacate the receivership, prohibiting him from intervening in the case after judgment. They also argue the trial court erred

by alternatively denying the motion to vacate the order appointing Fitzwater receiver and disqualify him.[3]

*Motion to strike*

In their motion to strike Diaz's motion to vacate and the Fishers' motion in support, appellees argued Diaz's motion should be struck "because it was filed after the judgment was rendered and after the Receivership Order was entered, and the judgment has not been set aside and the Receivership Order was not appealed." They also argued Diaz and the Fishers had no justiciable interest in the suit.

Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party. TEX. R. CIV. P. 60. Review of a trial court's order on a motion to strike intervention is subject to an abuse of discretion standard. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006) (orig. proceeding); *Lerma v. Forbes*, 166 S.W.3d 889, 893 (Tex. App.—El Paso 2005, pet. denied).

Generally, a plea in intervention filed after final judgment has been rendered is not timely and may not be considered unless the judgment is set aside. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015). Absent a timely filed motion for new trial, or a motion to modify, correct, or reform a judgment, the trial court loses its plenary power over its judgment thirty days after the judgment is signed. TEX. R.

---

[3] Appellants filed a notice of appeal for each of the trial court's orders, and, on Diaz's motion, we previously consolidated the two appeals into this cause.

CIV. P. 329b(d). But if a motion for new trial, or a motion to modify, correct, or reform the judgment is filed within this thirty-day period, the trial court's plenary power over its judgment is extended for up to an additional seventy-five days, depending on when or whether the court acts on the motion. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). "Judicial action taken after the trial court's jurisdiction over a case has expired is a nullity." *In re Abira Med. Labs., LLC*, No. 14-17-00841-CV, 2018 WL 1004672, at *2 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.) (quoting *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam)).

However, there is an exception to the general rule that a post-judgment intervention is untimely. Post-judgment intervention is allowed when the intervenor has no complaint with the merits of the judgment obtained in the underlying lawsuit, but only seeks to protect his or her interest in the post-judgment proceedings. *Breazeale v. Casteel*, 4 S.W.3d 434, 436 (Tex. App.—Austin 1999, pet. denied); *Lerma*, 166 S.W.3d at 893. In *Breazeale*, Breazeale sued Casteel and obtained a final judgment against him, and in an unrelated suit, Casteel obtained a judgment that he then partially assigned to third parties. 4 S.W.3d at 435. Breazeale filed a turnover motion in her suit, recognizing that Casteel had an asset—the judgment in the unrelated suit—that might be used to satisfy her judgment. *Id.* The third-party assignees then filed pleas in intervention in Breazeale's suit to protect their interests, and Breazeale moved to strike the interventions as untimely, arguing that the

–14–

judgment had been rendered years prior. *Id.* The trial court and the court of appeals rejected Breazeale's arguments. The court of appeals observed that the third-party intervenors had "no complaint with the merits of the judgment obtained by Breazeale against Casteel; rather, they merely seek to protect their own interests in" the judgment won by Casteel. *Id.* at 436. The court found "no reason to prohibit post-judgment intervention where, as here, the intervenor merely seeks to protect his interest in property that is the subject of a turnover motion." *Id.*

We conclude that this same exception applies to the facts before us. Diaz's motion did not complain of the merits of the judgment obtained in the underlying suit. Instead, Diaz sought to protect his interest in property that SMS and Fitzwater claimed was subject to a turnover motion. We also reject SMS and Perkins' contention that Diaz had no justiciable interest in the proceedings. Fitzwater sought to compel turnover not just from the Fishers but *from Diaz himself*, and furthermore had applied for injunctive relief against Diaz where Fitzwater argued Diaz was subject to the trial court's September 25, 2019, turnover and receivership order. Under these circumstances, we conclude the trial court abused its discretion by striking Diaz's intervention. *See Breazeale*, 4 S.W.3d at 436. We reverse the trial court's order striking Diaz's motion to vacate.

### Motion to vacate

We turn now to the merits of Diaz's motion to vacate. We review a turnover order on appeal under an abuse of discretion standard. *Tanner v. McCarthy*, 274

–15–

S.W.3d 311, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.). As stated above, a judgment creditor is entitled to aid from a court "to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a). The court may "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution[,]" or "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *Id*. § 31.002(b).

A turnover order is proper if the conditions of § 31.002 are met. *HSM Dev., Inc. v. Barclay Properties, Ltd.*, 392 S.W.3d 749, 751 (Tex. App.—Dallas 2012, no pet.). The creditor must show that the debtor owns property, including present or future rights to property, that cannot readily be attached or levied on by ordinary legal process. *Id*. Thus, to be entitled to a turnover order, the judgment creditor must put on evidence that the judgment debtor owns property that cannot be readily attached or levied on by ordinary legal process. *Id*.; *Weir v. Sterling State Bank*, No. 05-16-00500-CV, 2017 WL 1684634, at *1 (Tex. App.—Dallas May 2, 2017, no pet.) (mem. op.); *Pajooh v. Royal W. Investments LLC, Series E*, 518 S.W.3d 557, 566 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Should the judgment creditor

–16–

meet this burden, the trial court may render the requested turnover order, and it may also "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." *Vaccaro v. Raymond James & Associates, Inc.*, 655 S.W.3d 485, 489–90 (Tex. App.—Fort Worth 2022, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3)). But if the judgment creditor fails to bring forth such evidence, the trial court abuses its discretion if it provides relief under § 31.002. *Weir*, 2017 WL 1684634, at *1; *Clayton v. Wisener*, 169 S.W.3d 682, 683 (Tex. App.—Tyler 2005, no pet.); *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 324 (Tex. App.—Dallas 1997, writ denied).

In *Weir*, the judgment creditor filed an application for turnover and receivership in aid of judgment; no evidence was attached to the application. 2017 WL 1684634, at *1. At the hearing on the application, only the judgment creditor appeared, and it did not put on any evidence. *Id.* The trial court signed the turnover order and appointed a receiver. *Id.* This Court concluded the trial court erred in ordering relief under § 31.002 and reversed the order appointing a receiver and granting turnover relief. *Id.*

The pertinent facts are the same here. SMS filed an application for turnover and receivership, and it did not include any evidence with its application. Further, SMS did not present any evidence at the hearing on the application. Because SMS failed to meet its burden under § 31.002, we conclude the trial court erred in

rendering the turnover order and appointing a receiver. *See Weir*, 2017 WL 1684634, at \*1.

We sustain Diaz's issue and reverse the trial court's order denying the motion to vacate and remand the cause to the trial court for further proceedings.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210696f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID DIAZ, SCOTT FISHER, AND KRISTI FISHER, Appellants

No. 05-21-00696-CV          V.

SMS FINANCIAL CAP, LLC, CAPITAL ONE, NATIONAL ASSOCIATION, STEPHEN F. PERKINS, AND CHRISTOPHER FITZWATER, Appellees

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-00653-2011.
Opinion delivered by Justice Molberg. Justices Reichek and Garcia participating.

In accordance with this Court's opinion of this date, the order of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants DAVID DIAZ, SCOTT FISHER, AND KRISTI FISHER recover their costs of this appeal from appellees SMS FINANCIAL CAP, LLC, CAPITAL ONE, NATIONAL ASSOCIATION, STEPHEN F. PERKINS, AND CHRISTOPHER FITZWATER.

Judgment entered this 30th day of August, 2023.